PER CURIAM.
By a referee’s order the respondent, Robert C. Zokvic, a member of The Florida Bar, was found guilty of violating Rule 11.02(3) (a) of Article XI of the Integration Rule of The Florida Bar, as amended, and Rules 1 and 30 of the Additional Rules Governing the Conduct of Attorneys in Florida, 32 F.S.A. The referee recommended that the respondent be suspended from the practice of law in Florida for a period of ninety (90) days.
On June 12, 1968, the Board of Governors of The Florida Bar entered its judgment finding the respondent guilty as charged in the complaint and directing that respondent Zokvic be suspended from the practice of law for two years and thereafter until he shall demonstrate his fitness to resume the practice of law. The misconduct charged in the instant case involves the respondent’s failure to secure the entry of a final decree of divorce after final hearing at the conclusion of which the Judge of the Circuit Court told the respondent that he would enter a final decree when the testimony was transcribed. It is interesting to note that in a previous proceeding involving this same respondent, he was suspended from the practice of law for a period of one year in a case similar for his dereliction of duty involving another divorce proceeding. See The Florida Bar v. Zokvic, 197 So.2d 289 (Fla.1967). The respondent has not sought review of the judgment of the Board of Governors which was filed in this Court on June 19, 1968.
The judgment of the Board of Governors is approved. Respondent, Robert C. Zokvic, is hereby suspended from the practice of law for two years and thereafter until he shall demonstrate his fitness to resume the practice of law and he is ordered to pay the costs of these proceedings in the amount of $165.20.
It is so ordered.
CALDWELL, C. J., and ROBERTS, DREW, THORNAL and HOPPING, JJ., concur.