417 So.2d 957 (1982)
THE FLORIDA BAR, Complainant,
v.
Gary H. NEELY, Respondent.
No. 60205.
Supreme Court of Florida.
May 13, 1982.
Rehearing Denied August 27, 1982.
*958 David G. McGunegle, Bar Counsel, Orlando, and Stanley A. Spring, Staff Counsel, Tallahassee, for complainant.
John Spencer Robinson, Daytona Beach, and Gary H. Neely, in pro. per., for respondent.
PER CURIAM.
We have for review the report and recommendation of the referee. Jurisdiction is pursuant to article V, section 15, Florida Constitution.
The report of the referee included the following findings:
II. Findings of Fact as to Each Item of Misconduct of which the Respondent is charged: After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below, I find that the Complainant has sustained the allegations of its Complaint; specifically I find the following: Respondent (admitted in his Answer that he) was at all times hereinafter mentioned a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida; at all times material he resided in Volusia County, Florida, and practiced law there except for the 90-day period beginning July 9, 1979, during which he was suspended from the practice of law; before that suspension Respondent's associate (Fabian Bagdes, Esquire) filed a criminal appeal with the Fifth District Court of Appeal; on motion filed July 24, 1979 by the associate an extension of time was granted to prepare appellant's brief because (as stated in the motion) the associate was unable to handle the case, Respondent's suspension precluded timely filing, and additional time was needed to find a competent law firm willing to handle the appeal; no brief was filed, apparently because Respondent's office was closed due to his suspension from the practice of law; Respondent admitted (with reservation) receiving a January 29, 1980 order to show cause why the appeal should not be dismissed; he suffered dismissal of the appeal on February 20, 1980 after neither he nor appellant showed cause; he responded February 28, 1980 to a separate order entered February 20, 1980 giving him ten days to show cause why he should not be held in contempt for failure to prosecute, stating therein his misunderstanding of who was responsible for handling the appeal; on April 29, 1980, he again moved for extension of time to file brief after the court eight days earlier reinstated the appeal; on May 19, 1980, he was denied the extension, directed to serve the brief by May 23, 1980 and advised he would be found in contempt if not so filed; on May 22, 1980, he submitted a response stating why he could not comply, and again moving for an extension of time to file brief; on June 2, 1980, he was removed as appellant's attorney, was directed to appear before the Court to show cause why he should not be adjudged in contempt; on June 5, 1980 he filed an "Anders" brief (which the Court later struck); finally, he was adjudged in contempt June 20, 1980, and fined $250.00.
(Footnotes omitted.)
The referee recommended that respondent be found guilty of violating Fla.Bar Code Prof.Resp., D.R. 6-101(A)(3) and not guilty of violating Fla.Bar Code Prof.Resp., D.R. 6-101(A)(2).
As to discipline, the referee recommended the following:
IV. Recommendation as to Disciplinary measures to be applied: I affirm the recommendations of the Grievance Committee, and recommend that the Respondent receive a public reprimand and *959 be placed on probation for a period of one year. The terms of probation recommended are as follows: (1) That the Respondent accept no employment involving criminal appeals; (2) That the Respondent permit no other attorney to initiate or prosecute appeals in the name of Respondent, or as the Respondent's associate; (3) That Respondent not engage in the practice of law except as an associate or partner of another member of The Florida Bar; (4) That the Respondent's court appearances and representation of clients in the courts of this state be supervised or periodically reviewed by another member of The Florida Bar; (5) That the Respondent make periodic reports on his case load and supervision of his work; (6) That Respondent be required to file such report with the Clerk of the Supreme Court and serve a copy on staff counsel of The Florida Bar.
We agree with the recommendation of the referee except insofar as he would require the respondent to be an associate or partner of another member of The Florida Bar before the respondent could engage in the practice of law. The other recommended conditions of probation allow ample supervision over respondent's practice during his period of probation. Furthermore, the effective result of requiring associate or partnership status of the respondent may well be to deny him the ability to practice at all, turning the probation into a suspension.
We find that in this case a public reprimand and a one year probation with the following terms is appropriate discipline:
(1) That respondent accept no employment involving criminal appeals;
(2) That respondent permit no other attorney to initiate or prosecute appeals in the name of respondent, or as the respondent's associate;
(3) That respondent's court appearances and representation of clients in the courts of this state be supervised or periodically reviewed by another member of The Florida Bar;
(4) That respondent make periodic reports on his caseload and supervision of his work;
(5) That respondent be required to file such report with the Clerk of the Supreme Court and serve a copy on staff counsel of The Florida Bar.
Costs in the amount of $339.06 are charged to the respondent, and in addition, any other costs that have been or may be incurred by these proceedings.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.