PER CURIAM.
This lawyer-discipline proceeding is before the Court upon the complaint of The Florida Bar and the report of a referee. Neither party seeks review of the referee’s findings and recommendations. We have jurisdiction. Art. V, § 15, Fla. Const.
Because there is no petition for review of the referee’s report, we must accept the referee’s findings of fact as correct. *1082 Fla.Bar Integr.R., art. XI, Rule 11.09(3)(f). The referee found that respondent received $3,025 from a client and represented to her that the money would be deposited in a bank account he would open for the estate of the client’s deceased husband. The promised bank account was never opened, nor did respondent keep the client’s money in an identifiable trust account. Respondent returned the money when a demand was made on behalf of the client. Respondent also kept in his possession two checks for insurance proceeds payable to the estate of the client’s deceased husband, failing for a period of over one year to take any action to secure payment of the checks to the client. The referee found that respondent violated the Code of Professional Responsibility, Disciplinary Rule 1-102(A)(4) (deceit or misrepresentation); Disciplinary Rule 9-102(A) and Integration Rule, article XI, Rule 11.02(4) (improper handling of funds held in trust); and Disciplinary Rule 6 — 101(A)(3) (neglect of a legal matter entrusted to him).
On a second count the referee found that respondent, after being unable to locate wills he had previously drawn for the same client and her deceased husband, agreed to prepare a new will for her. Respondent failed to take action to prepare a new will for over eight months, following which he returned the recovered old wills. The referee found that respondent violated Disciplinary Rule 6-101(A)(3), by neglecting a legal matter entrusted to him.
The referee recommended suspension for one year, proof of rehabilitation, and assessment of costs. We approve the recommended disciplinary measures.
Therefore, we hereby suspend respondent Leonard Lee Sheldon from the practice of law for a period of one year and thereafter until he shall have proven his fitness to resume the practice of law. We also assess against him the costs of these proceedings in the amount of $800.77, the payment of such amount in full to be a further condition precedent to reinstatement. Respondent will be allowed thirty days from the date of this order to close out his practice.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, EHRLICH and SHAW, JJ., concur.