PER CURIAM.
This disciplinary proceeding by The Florida Bar against William T. Fussell, a member of The Florida Bar, is before us on a four-count complaint of The Florida Bar and report of referee. The referee’s report and record have been filed with this Court pursuant to Florida Bar Integration Rule, article XI, Rule 11.06(9)(b). Respondent has petitioned for review of the referee’s findings of fact as to Counts I — III and recommendations of guilt and discipline which are as follows:
COUNT I
13A80H33
Ronald Harper
1. That on or about February 27, 1979, respondent was retained by Mr. Ronald J. Harper for $5,000.00 to file a Motion for Post Conviction Relief, which respondent failed to file until September 3, 1980.
2. At 13A Grievance Committee hearing on January 15, 1980, which was held pursuant to a letter Mr. Harper sent to The Florida Bar in June, 1979, complaining of the lack of action by respondent, respondent told the committee that he intended to fulfill his obligation to represent Mr. Harper in a timely and competent manner.
3. Even after his appearance before the committee, respondent failed to file any Motion for Post Conviction Relief, and on August 16, 1980, Mr. Harper *211 wrote respondent dismissing him as his attorney in the Post Conviction proceeding.
4.Only after having been dismissed as Mr. Harper’s attorney, on September 3, 1980, did respondent file the Motion for Post Conviction Relief for Mr. Harper.
COUNT II
13A80H05
Johnny C. Newman
1. On or about December 1977, respondent agreed to represent Johnny C. Newman in a criminal case No. 78-3217 in the Circuit Court for Hillsborough County.
2. During the course of this representation, respondent learned that Mr. Newman had cooperated with the Tampa Police Department by supplying information to them.
3. Respondent, without the consent of his client, divulged the fact that Mr. Newman had supplied confidential information to the Tampa Police Department to Kathleen K. Mast, a former girlfriend of Mr. Newman’s brother.
COUNT III
13A80H05
Johnny Newman
1. That on or about September 1, 1978, respondent assured Mr. Newman that he would file a Motion for Reduction of Sentence.
2. After no action from respondent, Mr. Newman filed a pro se Motion for Reduction of Sentence on January 2, 1979, which was denied.
3. After respondent had taken no action on filing the Motion for Reduction of Sentence, Mr. Newman filed another pro se Motion to Vacate and Set Aside the Judgment on or about May 19, 1979 which was denied.
4. On or about June 26, 1979, Mr. Newman initiated a complaint with The Florida Bar against respondent for his lack of action in the matters.
5. After respondent had taken no substantial action in the case, Mr. Newman dismissed respondent from the case on September 20, 1979.
6. No Motion for Reduction of Mr. Newman’s sentence was ever filed by respondent.

III. Recommendation as to whether or not the Respondent should be found guilty: I recommend that the respondent be found guilty and specifically that he be found guilty of the following violations of the Code of Professional Responsibility:
COUNT I
1. DR 1-102(A)(6)
2. DR 6-101(A)(3)
3. DR 7-101(A)(2)
COUNT II
1.DR 4-101(B)(l)
COUNT III
1. DR 1-102(A)(4)
2. DR 6-101(A)(3)
3. DR 7-101(A)(2)
IV. Recommendation as to Disciplinary Measures to be Applied: I recommend that the respondent be suspended for two (2) years from the practice of law.
V. Personal History and Past Disciplinary Record: After finding of guilty and prior to recommending discipline to be recommended pursuant to Rule 11.-06(9)(a)(4), I considered the following personal history and prior disciplinary record of the respondent to wit:
(1) Date admitted to Bar: 1950
(2) Prior Discipline: The Florida Bar v. Fussell, 189 So.2d 881 (Fla.1966). Respondent received a six-month suspension and was ordered to pay costs for making a knowingly false statement in an application for a home improvement loan which resulted in a felony conviction. The Florida Bar v. *212 Fussell, Case No. 13-73-25. A private reprimand was administered in 1974 for neglect of a legal matter. The Florida Bar v. Fussell, Case No. 13A78003. Respondent received a private reprimand in 1979 for influencing a client to invest in an enterprise in which the respondent had an interest. The Florida Bar v. Fussell, 390 So.2d [68] 69 (Fla.1980). Respondent received a public reprimand for being several months late in returning unearned fees to a former client.
(3) Mitigation: The wide spread of the violations over the years, respondent’s health problems, respondent’s testimony at the hearing as to his character and years of service.
Having carefully reviewed the record, we approve and adopt the findings and recommendation of guilt of the referee as to Counts I-IIL* This case involved considerable delay between the time of the eviden-tiary and sentencing hearings, through no apparent fault of respondent. Due to this delay, combined with the mitigating factors noted by the referee, we find that a one-year suspension should be imposed. Respondent, William T. Fussell, is therefore suspended from the practice of law in this state for a period of one year. The suspension shall be effective August 2, 1985, thereby giving respondent thirty days to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business.
Judgment for costs in the amount of $1,281.33 is assessed against respondent, for which sum let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.
OVERTON, J., recused himself from participating in this cause.

 The referee’s dismissal of Count IV is not challenged and is approved.