488 So.2d 535 (1986)
THE FLORIDA BAR, Complainant,
v.
Gary H. NEELY, Respondent.
No. 65522.
Supreme Court of Florida.
May 22, 1986.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel and Jan K. Wichrowski, Asst. Bar Counsel, Orlando, for complainant.
Horace Smith, Jr. of Dunn, Smith, Withers and Hart, Daytona Beach, for respondent.
*536 PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee recommending that Gary H. Neely be suspended from the practice of law for six months.
Respondent was charged with a number of ethical violations arising out of his representation of a client in an automobile accident case. After discharging respondent, the client became aware that respondent had received a check for personal injury protection benefits in the amount of $2,948.51 from her insurance carrier. Respondent had signed the client's name to the check and deposited it into his trust account. Later, when respondent wrote a check to the client's new attorney, the trust account contained insufficient funds to cover the check.
The record established numerous accounting errors in respondent's trust account and a failure by respondent to properly supervise this account. The referee found the respondent guilty of gross neglect in the management of the trust account, but expressly found no proof of dishonesty and determined that the client suffered no harm from respondent's actions.
We find a violation of Integration Rule 11.02(4) concerning the administration of trust accounts,[1] and agree with the referee that the violation was not intentional but the result of gross neglect. Although the discipline for a violation of this kind ordinarily would be a public reprimand and probation with supervision of trust account records, we find that, because respondent has been disciplined on two prior occasions,[2] a more severe discipline is appropriate in this proceeding. Because the referee found no dishonesty by respondent and no injury to his client, we do not believe the discipline need be as severe as recommended by the referee. In our opinion, a 60-day suspension and a two-year period of probation is the appropriate discipline.
Accordingly, respondent, Gary H. Neely, is hereby suspended from The Florida Bar for a period of 60 days and placed on probation for two years commencing with his reinstatement. During the two-year probationary period, respondent's trust account records shall be subject to periodic and unannounced audit by The Florida Bar. Respondent shall pay The Florida Bar's costs in auditing these records. The suspension shall be effective thirty days from the date this opinion is final, thereby giving respondent time to protect the interests of his clients.
Judgment for the costs of these proceedings in the amount of $1,353.22 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[1] Evidence considered by the referee as establishing a violation of Disciplinary Rules 9-102(B)(1) and 9-102(B)(4) is more properly limited to the violation of Integration Rule 11.02(4).
[2] In The Florida Bar v. Neely, 372 So.2d 89 (Fla. 1979), respondent was suspended for 90 days for self-dealing and misrepresentation; in The Florida Bar v. Neely, 417 So.2d 957 (Fla. 1982), he was publicly reprimanded and placed on one year's probation for neglect of a legal matter.