502 So.2d 1237 (1987)
THE FLORIDA BAR, Complainant,
v.
Gary H. NEELY, Respondent.
No. 66914.
Supreme Court of Florida.
January 29, 1987.
Rehearing Denied March 20, 1987.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel and Jan K. Wichrowski, Co-Bar Counsel, Orlando, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
The Florida Bar filed a one-count complaint against Gary H. Neely, a member of the bar. After a hearing, the referee recommended that Neely be found guilty of violating disciplinary rules 1-102(A)(6) (conduct adversely reflecting upon fitness to practice law), 3-104(C) (inadequate supervision of nonlawyer personnel to assure compliance with applicable provisions of the Code of Professional Responsibility), 3-104(D) (failure either to adequately supervise nonlawyer personnel and or to take responsibility for work delegated to them), 9-102(B)(3) (inadequate trust account record keeping), and 9-102(B)(4) (misuse of trust funds), as well as article XI, rules 11.02(3)(a) (conduct contrary to honesty, justice, or good morals) and 11.02(4) (maintaining inadequate trust account records and misusing trust funds) of the integration rule. In light of these findings, the referee recommended that Neely be suspended for a period of six months and thereafter until he proves rehabilitation. Although we adopt the referee's findings of fact, we disagree with the recommended six-month suspension and instead suspend Neely for a period of three months with a two-year period of probation thereafter.
According to the referee's report, Neely represented Mr. Silas E. Conner in the settlement of a law suit that Ford Motor Credit Corporation (Ford) had brought against him. Ford had obtained an earlier judgment against Conner and, pursuant to the June 9, 1983 settlement agreement, Conner was to pay Ford one hundred dollars per month toward satisfaction of that judgment. Neely instructed Conner to make the payments to him. Neely assured Conner that he would deposit these payments into an escrow account from which he would pay Ford. All but one of the checks Conner sent to Neely bore the notation "vs. Ford" or "Ford." Conner specifically intended all of the checks to be applied toward the amount due on the Ford judgment *1238 and delivered them in trust for that purpose.
After making payments as instructed for approximately a year, Conner learned that Neely had failed to forward any of the payments to Ford. When Conner questioned Neely about the money, Neely insisted that he had sent Ford all the payments. Subsequently, Conner filed a complaint with the Florida Bar, asking it to look into the matter. Neely then prepared a letter from Conner to the Florida Bar dated September 25, 1984 and insisted that Conner sign it before Neely would refund the $1,350 Conner had paid him. The letter contained a number of falsehoods exculpating Neely from all fault and requested that Conner's complaint against Neely be withdrawn. When Conner refused to sign the letter, Neely initially refused to refund the money. He did, however, eventually return Conner's money on October 2, 1984. The referee also found that Neely had kept inadequate trust account records, had never deposited Conner's payments into an escrow or trust account, had failed to provide Conner with an accounting of his funds, and had failed to supervise his bookkeeper adequately. Moreover, the referee found no evidence indicating that Neely possessed any sort of valid lien upon Conner's funds.
Neely challenges the referee's findings, claiming that he is innocent of all charges and that there was insufficient evidence to convict him. More specifically, Neely argues that he understood the funds in question to be payments of fees charged for previous legal work handled for Conner. Neely also contends that he did not fail to supervise his bookkeeping personnel adequately. We cannot agree.
A referee's findings of fact are presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support. The Florida Bar v. Marks, 492 So.2d 1327 (Fla. 1986); The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla. 1986); The Florida Bar v. Price, 478 So.2d 812 (Fla. 1985). In the instant case, the referee has cited to the specific pages in the record that support each finding of fact. After reviewing both the referee's report and the record, we conclude that substantial competent evidence supports the referee's findings of fact and the corresponding recommendations of guilt. Accordingly, we adopt these findings and recommendations. As for the recommended discipline, however, we find that, based on the charges, facts, and circumstances involved in this case, a six-month suspension is unduly severe and we instead suspend Neely for three months to be followed by a two-year period of probation. So that Neely can make arrangements to protect his clients' interests, this suspension will be effective thirty days from the filing of this opinion. Neely shall accept no new business during this thirty-day period.
Accordingly, Neely is hereby suspended from the practice of law in this jurisdiction for a period of three months with a two-year period of probation thereafter. Judgment for costs in the amount of $1,102.94 is hereby entered against Neely, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.