526 So.2d 51 (1988)
THE FLORIDA BAR, Complainant,
v.
Dennis S. GOLD, Respondent.
No. 70449.
Supreme Court of Florida.
June 2, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Thomas E. DeBerg, Asst. Staff Counsel, Tampa, for complainant.
Edward R. Miller of Miller & Gold, Naples, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on a complaint of The Florida Bar and the report of the referee. The action stems from respondent's actions in obtaining a judgment on a fee dispute during 1986 and was brought under the former integration rule and Code of Professional Responsibility. Respondent does not contest the referee's recommendations of guilt and punishment, but does challenge the referee's approval of the costs involved in the proceedings. *52 We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent represented a client in a dissolution of marriage action in 1985 for which services he charged $768.50. On August 4, 1986, he filed a small claims action for an unpaid balance of $456. A hearing on the claim was scheduled for September 11, 1986. The client immediately contacted respondent's office to propose a payment plan but was unable to talk with respondent. However, respondent's secretary, who had been delegated full responsibility for billing and collection, agreed to hold the small claims action in abeyance if a partial payment was made. The client was led to believe that respondent approved the agreement, which was confirmed by letter. Respondent, purportedly ignorant of the secretary's commitment, appeared at the September 11 hearing and obtained a judgment against the client. In doing so, respondent apparently failed to observe that the client had paid $125 on the account since the filing of the claim in August. The client did not appear at the hearing but, after learning of the judgment, contacted respondent to determine why he had violated the agreement to hold the action in abeyance. No explanation was given and respondent did not attempt to have the judgment set aside.
The referee found that respondent delegated full authority to his secretary in billings and collections, that he exercised virtually no control over the means of collection, and that he conditioned future pay raises for his secretary on her success in collection. However, although the evidence was in conflict, the referee found no clear and convincing evidence that respondent had actual knowledge of the agreement to hold the lawsuit in abeyance and, thus, was not guilty of actual misrepresentation. The referee recommended that respondent be found guilty of violating Disciplinary Rule 1-102(A)(6), conduct reflecting on his fitness to practice law, and that he be publicly reprimanded. Neither party challenges the referee's recommendations, which we adopt. Publication of this opinion constitutes a public reprimand of respondent.
In its statement of costs, the Bar itemized costs totalling $1,721.82. Respondent challenged various costs on the grounds they were unnecessary, excessive, or were not properly authenticated, and also argues that they should be reduced because the referee found he was not guilty on the charge of misrepresentation. In support, respondent cites The Florida Bar v. Davis, 419 So.2d 325 (Fla. 1982), where we held that the referee has discretion to reduce the assessed costs based on findings of not guilty on part of the charges. Respondent apparently believes he has been partially vindicated by these proceedings or that the Bar carelessly incurred excessive costs in investigating and prosecuting this complaint. The referee rejected these arguments, as do we. Investigation of the charge of misrepresentation was encompassed within the investigation of respondent's conduct and caused no additional expense. It was respondent's misbehavior which injured the client and caused the complaint. We see nothing in the record to suggest that the costs incurred were unnecessary, excessive, or not properly authenticated. In these cases, the choice is between imposing the costs of discipline on those who misbehave or on the members of the Bar who have not misbehaved. We see no reason to excuse respondent.
The costs of these proceedings are taxed against the respondent and judgment is entered in the amount of $1,721.82, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.