537 So.2d 105 (1989)
THE FLORIDA BAR, Complainant,
v.
Sandra E. ALLEN, Respondent.
No. 71019.
Supreme Court of Florida.
January 19, 1989.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Thomas E. DeBerg, Asst. Staff Counsel, Tampa, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on a complaint of The Florida Bar and *106 report of the referee. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
The facts of this case, as taken from the referee's report, are as follows:
On or about October 11, 1984, respondent assisted Frank L. Williams with preparing an application for an alcoholic beverage license. The application form was notarized by the respondent and subsequently submitted to The Division of Alcoholic Beverages and Tobacco as part of the application process to obtain a liquor license. On the same date, for a consideration of $10.00, Frank L. Williams granted to respondent's husband the first right to purchase 100% of the stock in Soozi of Ft. Myers, Inc. during a ninety day (90) period following a date three years from the commencement and opening of the corporation's business for retail sales with Mr. Williams' new quota liquor license. The option to purchase was notarized by respondent. Respondent acted as the attorney for Frank L. Williams in submitting the application for the liquor license and in other matters related to the initial organization of Soozi's.
Respondent also participated in the financial affairs of Soozi. On October 11, 1984 Frank L. Williams and respondent entered into an agreement whereby the respondent was given a Power of Attorney to act thereafter for Frank L. Williams in the operation and management of Soozi. Respondent assisted in the incorporation of Soozi of Ft. Myers, doing so on or about October 19, 1984.
The liquor license of Soozi's was used to purchase alcoholic beverages which were subsequently transferred to premises other than Soozi for sale and consumption thereon. In addition, liquor was transported from Soozi to other clubs in vehicles not having the proper liquor stickers affixed. To a minor extent, money from the Soozi account was used to pay costs and expenses not related to the management, operation or expenses of Soozi. The parties stipulated that respondent did not adequately monitor the operation of Soozi to enable her to advise Frank L. Williams of improprieties occurring there. Respondent also advised all employees of Soozi not to provide any individuals with information on the operation and management of any of her businesses, including Soozi.
Pursuant to a consent judgment entered into by both parties, the referee found Sandra E. Allen guilty of the following violations of the Code of Professional Responsibility: Disciplinary Rule 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); D.R. 5-101(A) (accepting employment without full disclosure of a conflict of interest); D.R. 5-104(A) (entering into a business transaction with a client without full disclosure); D.R. 5-105(A) (accepting employment when the exercise of independent judgment is likely to be affected); and Integration Rule 11.02(3)(a) (conduct contrary to honesty, justice, or good morals). The referee recommended that Allen receive a public reprimand as discipline for the above violations. Neither party contests the referee's findings as to guilt or discipline.
The Bar does contest the referee's refusal to assess costs of $1,819.48 against Allen for an investigator's time and expenses. The referee's report concluded:
Of these costs [3,435.78], I recommend that Respondent be assessed $1,616.30. In making this recommendation, I have considered the specific language of Rule 3-7.5(k)(5) [sic] and the holding of the Supreme Court of Florida in The Florida Bar v. Gold, [526 So.2d 51] 13 FLW 368 (Fla. 1988). I am of the opinion that 104 1/2 hours investigation time is excessive and unreasonable.
Rule 3-7.5(k)(1) of the Rules Regulating The Florida Bar provides in pertinent part:
The referee's report shall include: ... (5) a statement of costs of the proceedings and recommendations as to the manner in which costs should be taxed. The costs shall include court reporters' fees, copy costs, witness fees and traveling expenses, and reasonable traveling and out-of-pocket expenses of the referee and bar counsel, if any. Costs shall also *107 include a $150 charge for administrative costs at the grievance committee level and a $150 charge for administrative costs at the referee level. Costs taxed shall be payable to The Florida Bar.
The Bar asserts that because the rule only states that taxable costs "shall include" certain specified items, it should not be interpreted to exclude other items. When read in its entirety, the rule is too clear to permit such a construction. If investigative time and expenses or any other unspecified items are to be taxed as costs, the rule will need to be amended.
We acknowledge that in The Florida Bar v. Gold, 526 So.2d 51 (Fla. 1988), we held that the costs of investigating and prosecuting a bar disciplinary case should be assessed against the misbehaving Bar member where the costs incurred were necessary, not excessive, and properly authenticated. However, the legality of taxing investigators' costs was not at issue in Gold. Rather, the respondent was only seeking a reduction in the total amount of the costs assessed against him because he had been found not guilty on one of the charges.
In view of the clear language of rule 3-7.5(k)(1), the referee had no authority to tax as costs the time and expenses of the investigator. Therefore, we need not decide whether the investigative time was excessive and unreasonable.
We adopt the referee's report as to guilt and discipline and approve the imposition of costs. Publication of this opinion shall serve as respondent's public reprimand. Costs in the amount of $1,616.30 are hereby taxed against Sandra E. Allen, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs in result only with an opinion.
McDONALD, Justice, concurring in result only.
In scores of cases we have approved the taxing of investigative costs against a lawyer found guilty in disciplinary actions. We have, therefore, implicitly construed the rule allowing the assessment of costs to include investigative costs. Surely we would approve a proposed rule explicitly allowing the taxing of reasonable investigative expenses as costs. The pronouncement of the majority will virtually shut down all investigation of bar complaints until a rule change is effected. I think this is unnecessary.
In this case, I do find support for the referee's report that some of the investigation was unnecessary. Only reasonable investigative costs should be taxed. If a lawyer is not guilty of a particular charge he should not pay the costs of that unsuccessful prosecution even though he is found guilty of another charge. Hence, I concur in result only.