PER CURIAM.
This proceeding is before us upon the complaint of The Florida Bar and respondent’s petition for review of the referee’s report, in which the referee recommends a three-month suspension. We have jurisdiction [1] and approve the referee’s report and recommendation, except as noted herein.
In connection with case no. 70,830, the referee found that respondent was retained to represent a Ms. Kern in a claim to *110 recover for injuries which she received while a passenger in an automobile. That claim was dismissed without prejudice for failure to prosecute. Respondent failed to advise her of that fact and instead wrongly said that she had won. The trial court imposed costs against the client in the amount of $438.
In connection with Count I of case no. 71,085, the referee made the following findings of fact. Respondent had represented the complainants, Mr. and Mrs. Mancuso, in various legal matters prior to the incident giving rise to this count. At the time, respondent represented their daughter in a malpractice action. The Mancusos discovered that respondent was taking a trip to Miami and, as a favor, they requested that respondent collect cash monies from their Miami arcade machines and deliver it to them upon his return to Daytona. Despite several telephone requests by the Mancu-sos, however, Neely failed to turn over their money. One evening, respondent went to the Mancusos’ home uninvited. When he arrived, he refused to turn over the money unless they signed certain papers, including a consent for withdrawal from their daughter’s malpractice case. Mrs. Mancuso then grabbed the money from respondent’s car and retreated into her home.
Regarding Count II, the referee found that respondent overdrew his trust account by writing a check to himself in the amount of $450. Several days later, he deposited $220 of his own cash into the account without including the required client identification on the deposit receipt.
The referee recommended that respondent be found guilty of various violations of the Disciplinary Rules.[2] Considering respondent’s prior disciplinary record,[3] the referee recommended that respondent be suspended for three (3) months. In addition, the referee recommended that costs be charged against respondent in the amount of $4,142.50.
Respondent first asserts that the findings of fact are unsupported by the record. We reject this contention with the exception of the referee’s finding that respondent violated Disciplinary Rule 4-1.-15(b) for failing to promptly deliver the arcade receipts to the Mancusos. Rule 4-1.15 provides in pertinent part:
Rule 4-1.15 Safekeeping Property
(a) A lawyer shall hold in trust, separate from the lawyer’s own property, funds and property of clients or third persons that are in a lawyer’s possession in connection with a representation....
(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person.... [A] lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive ...
Respondent argues that the record does not support the existence of an attorney-client relationship with the Mancusos as to these monies. We agree.
To be liable under subsection (b), an attorney must have failed to promptly deliver property to the client or a third person in connection with legal representation. See id. comment. There is no suggestion in the record that the Mancusos’ request to pick up and deliver their arcade receipts was in *111 connection with an attorney-client relationship. Indeed, the record suggests that respondent simply acted gratuitously. Accordingly, a charge of having violated rule 4-1.15(b) cannot be sustained. However, respondent’s failure to promptly deliver the Mancusos’ property under these circumstances is an act contrary to honesty and justice. Thus, the referee’s finding of guilt on these facts under rule 3-4.3 is supported by the record. In all other respects, we approve the referee’s findings as to guilt.
Respondent next argues that the discipline is vague. We disagree. The referee recommended that respondent be suspended from the practice of law “for a period of more than three (3) months and thereafter [he] shall prove rehabilitation as provided in Rule 3-5.1(e).” This clearly expresses an intent that respondent be suspended for ninety-one (91) days which would require proof of rehabilitation prior to reinstatement.
Finally, respondent asserts that the inclusion of investigator expenses in the costs assessed are improper because there is no express provision for investigator expenses in rule 3-7.5(k)(1)(5). We agree. See The Florida Bar v. Allen, 537 So.2d 105, 106, 107 (Fla.1989).
After reviewing the. entire record and report of the referee, including the evidence in mitigation,[4] we hereby approve the referee’s recommendation. Accordingly, we suspend respondent from the practice of law for a period of ninety-one (91) days and thereafter until he proves rehabilitation. This suspension shall become effective April 10, 1989, thereby giving respondent thirty days to close out his practice and take the necessary steps to protect his clients. Respondent shall accept no new business from the date of this opinion. Finally, judgment is entered against respondent for costs in the amount of $2,929.53,[5] for which sum let execution issue.
¾ ⅛ so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur,

. Art. V, § 15, Fla. Const.

. In connection with case no. 70,830, the referee found respondent to have violated Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); 1-102(A)(6) (any other conduct adversely reflecting upon fitness to practice); 6-101(A)(3) (neglect); and 7-101(A)(3) (prejudice or damage to client).
As to Count I of case no. 71,085, respondent was found to have violated Disciplinary Rules 3-4.3 (act contrary to honesty and justice) and 4-1.15(b) (failure to promptly notify client or third person of receipt of funds), and as to Count II, Disciplinary Rules 5-1.1(c) (failure to maintain trust accounting records) and 5-1.-2(b)(2) (failure to maintain deposit records).

. The Florida Bar v. Neely, 502 So.2d 1237 (Fla.1987) (three-month suspension with two-year probation); The Florida Bar v. Neely, 488 So.2d 535 (Fla.1986) (sixty-day suspension with two-year probation); The Florida Bar v. Neely, 417 So.2d 957 (Fla.1982) (public reprimand and one-year probation); The Florida Bar v. Neely, 372 So.2d 89 (Fla.1979) (ninety-day suspension followed by six-month supervised probation).

. For instance, the record reflects unrebutted testimony that respondent reimbursed his client in case no. 70,830 for the court costs. Also, unrebutted medical testimony demonstrated that respondent suffered from severe diabetes during the course of representing his client in that case. His diabetes became so severe that it caused a stuporous condition, requiring hospitalization, and demonstrably affected his day-today decision-making.

. That is, the recommended assessment of $4,142.50 less investigator costs of $1,212.97.