PER CURIAM.
This is a lawyer disciplinary proceeding based on two complaints of The Florida Bar alleging three separate incidents of misconduct and reports of the referee recommending two thirty-six-month suspensions. The Bar seeks disbarment. We have jurisdiction. Art. V, § 15, Fla. Const.
I
In the first incident of misconduct, the referee found that the respondent, Gary H. *466 Neely, was retained by Robert Reynolds to represent him on criminal drug and alcohol charges and related forfeiture proceedings. To secure his legal fees for that representation, Neely required Reynolds to provide collateral. Reynolds’ mother, Ellen Plotts, agreed to guarantee payment of Reynolds’ legal fees. Thereafter, Neely instructed Plotts to sign several papers, one of which was a deed transferring her home to Refi-neco of America, Inc., a corporation solely owned by Neely. Neely did not explain to Plotts what she was signing, nor did he advise her to seek independent counsel. Neely failed to do so even though he was aware that she had a very limited educational background, having completed only the fourth grade of school. Plotts had no idea what she was signing and never intended to sell or mortgage her home to assist in paying her son’s legal fees.
Neely recorded the deed and later executed a note and mortgage on Plotts’ home in the amount of $15,000 in favor of a third party, Edwin Odum. Refineco netted approximately $13,000 from this transaction. Neely made seven payments on the mortgage. Upon Reynolds’ insistence, Neely reconveyed the property to Plotts, but he placed the property in both Reynolds’ and Plotts’ names. Because Plotts was unaware of the transfers involving the property and the mortgage placed on the property in favor of Odum, Plotts made no payments on the note. Consequently, Odum instituted foreclosure proceedings. The trial judge in the foreclosure action ruled that the original warranty deed to Refineco had been fraudulently procured and, thus, was void.
The referee found Neely guilty of violating former Integration Rule 11.02(3)(a) (engaging in conduct contrary to honesty, justice, or good morals) and former Disciplinary Rules 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit,' or misrepresentation) and 1-102(A)(6) (engaging in other conduct reflecting adversely on his fitness to practice law). The referee concluded that
the Respondent did falsely and fraudulently induce Mrs. Plotts to [convey] her homestead ... to a corporation owned by the Respondent. Further, the Respondent did falsely and fraudulently cause a mortgage to be placed against the ... property ... without her knowledge or consent. The Respondent fraudulently induced Edwin W. Odum to loan Respondent’s corporation $15,000 based upon the aforesaid fraudulent deed....
II
The second incident of misconduct involved a personal injury client of Neely’s who was treated for her injuries by Dr. Lloyd Wright. The referee found that Neely entered into an agreement with Dr. Wright agreeing to pay Dr. Wright’s bill out of the proceeds of any settlement in the suit, and Neely subsequently executed a Notice to Attorney of Assignment of Doctor’s Lien Agreement. As a result, Dr. Wright continued his treatment of the client.
The period of treatment was from October, 1984, through December, 1986. In April, 1987, Dr. Wright’s office spoke to Neely’s office and was told that a settlement was anticipated in May. In January, 1988, Dr. Wright’s office again spoke to Neely’s office and was told that he would be paid by the spring. In actuality, Neely had settled the claim in the fall of 1986, and Neely had erroneously given the amount due Dr. Wright to the client. Thus, no funds were held in escrow for Dr. Wright, and, as of May, 1990, Dr. Wright had not been paid.
The referee recommended that the respondent be found guilty of violating Rules Regulating The Florida Bar 4-1.15(a) (failing to preserve funds held in trust for a third person); 4-1.15(b) (failing to advise a third person upon receipt of funds in which that person has an interest); and 4-5.3(a)-(c) (failing to establish rules of procedure to assure that nonlawyer personnel conduct is in conformity with the professional obligations of the lawyer).
III
In the third incident of misconduct, the referee found the following facts concern *467 ing Neely’s representation of Kathleen Ross, who had embezzled money from her former employer. Hoping to avoid criminal charges and to possibly receive her pension benefits, Ross wanted to repay the money she had taken, and she retained Neely to assist her in this matter. She executed an agreement with Neely wherein she agreed to pay him a total fee not exceeding $20,000. According to a handwritten note on the contract, travel costs were the only costs for which she was to be responsible. Ross paid Neely the $20,000 in fees and an extra $636 for travel. Neely advised Ross that an agreement had been reached under which she was to repay her former employer $42,000 to avoid prosecution. Ross gave Neely a total of $42,383.60 over what had already been paid to cover the total costs of the amount claimed.
The employer executed a complete release, but the release did not state the amount the employer received in settlement. After Neely failed to timely provide Ross with documentation showing receipt by her former employer of the $42,000, Ross filed a complaint with The Florida Bar. Thereafter, Neely provided a settlement statement indicating that the employer was paid only $32,370. The statement listed a total of $1,871.63 for telephone calls and travel expenses, with at least three trips indicated. Most of the expenses, however, were never incurred. Additionally, a “Costs and Travel Expenses” sheet listed a total of $12,758.60 in payments to various individuals, including $6,800 to Neely.
The referee found that all of the transfers listed on the Costs and Travel Expenses sheet were fictitious. Neely subsequently moved to reopen the evidence concerning this incident of misconduct to present alleged evidence of perjury. The motion did not include a proffer of the evidence or the identity of the witness or witnesses and was denied. The referee then found Neely guilty of violations of former Integration Rule 11.02(4) (failing to timely account to his client for the disposition of her trust funds); former Disciplinary Rule 9-102(B)(3) (failing to maintain complete records of client funds coming into his possession and failing to promptly render an appropriate account to his client); and Rule Regulating The Florida Bar 4-8.4(c) (engaging in conduct contrary to honesty and justice by rendering a falsified accounting to his client).
For the first two incidents of misconduct, set forth in case No. 74,077, the referee recommended that Neely be suspended for thirty-six months. For the third incident, set forth in case No. 75,043, the referee recommended that Neely be suspended for a period of thirty-six months. In mitigation, the referee noted that Neely had recently experienced significant health problems.
The respondent has a significant disciplinary history, itemized as follows: (1) a ninety-day suspension followed by six months’ probation for engaging in self-dealing in a real estate matter to the detriment of his clients for his own personal gain, as reported in The Florida Bar v. Neely, 372 So.2d 89 (Fla.1979); (2) a public reprimand and one year’s probation for failing to prosecute a criminal appeal, as reported in The Florida Bar v. Neely, 417 So.2d 957 (Fla.1982); (3) a sixty-day suspension and two years’ probation for trust account record-keeping violations, as reported in The Florida Bar v. Neely, 488 So.2d 535 (Fla.1986); (4) a three-month suspension and two years’ probation for failing to deposit a client’s money into escrow, inadequate trust account records, failure to provide his client with an accounting, and failure to properly supervise his bookkeeper, as reported in The Florida Bar v. Neely, 502 So.2d 1237 (Fla.1987); and (5) a ninety-one-day suspension with proof of rehabilitation required prior to reinstatement for allowing a client’s personal injury claim to be dismissed for failure to prosecute and for failure to promptly deliver money to former clients, as reported in The Florida Bar v. Neely, 540 So.2d 109 (Fla.1989).
Neely argues that the referee, as the trier of fact, is in the best position to determine the appropriate sanction, and he asserts that the thirty-six-month suspension, as recommended by the referee, is sufficient to adequately punish him and *468 deter others without undermining the dignity of the disciplinary process. We disagree. We find that disbarment in this case is necessary to protect the public interest and is the only discipline appropriate under the circumstances of this case, particularly in view of Neely’s prior disciplinary record.
Accordingly, Gary H. Neely is hereby disbarred from the practice of law, effective immediately, and judgment for costs in the amount of $3,853.82 is hereby entered against him, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS DISBARMENT.