672 So.2d 526 (1996)
THE FLORIDA BAR, Complainant,
v.
Ralph Lorenzo FLOWERS, Respondent.
No. 85757.
Supreme Court of Florida.
April 18, 1996.
*527 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and James W. Keeter, Bar Counsel, Orlando, for Complainant.
Michael Jeffries of Neill, Griffin, Jeffries & Lloyd, Ft. Pierce, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar (the Bar) and the referee's report regarding alleged ethical breaches by Ralph Lorenzo Flowers. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made the following findings of fact as to Count I of the Bar's complaint based on the evidence presented at the hearing:
Shirley Frances-Lopez ("Frances-Lopez") was referred to and sought the legal assistance of Respondent for her immigration case in the Summer of 1991.
Frances-Lopez went to 601 North 7th Street, Ft. Pierce, St. Lucie County, Florida and met with L. Stanley Brown, an immigration consultant. 601 North 7th Street ... contains the law offices of Respondent, an office for L. Stanley Brown, and two offices for Charles W. Cherry, out of which he operates the Florida Courier, a weekly newspaper. The only sign identifying the building is painted in white capital letters on a red door and states:

601 LAW OFFICES OF RALPH L. FLOWERS XXX-XXX-XXXX
There is a side entrance to the building which leads to a hallway behind the Respondent's offices. The side entrance is blocked by a chain-link fence but otherwise appears accessible from the street.
Frances-Lopez believed that L. Stanley Brown worked with Respondent and that Respondent would be handling her immigration case. In June, 1991, Frances-Lopez paid $500.00 to L. Stanley Brown, the receipt of which Mr. Brown acknowledges, and believed it was for Respondent's legal representation. L. Stanley Brown arranged to have Frances-Lopez and others transported from Ft. Pierce to Tampa, Florida to register with the immigration office. A money order was written on July 1, 1991 by Frances-Lopez to pay an additional $250.00 to L. Stanley Brown.
L. Stanley Brown testified, but produced no exhibits, that additional appointments were made with Frances-Lopez to prepare her for the immigration hearing in 1991.
Respondent acknowledges that he identified Frances-Lopez as his client to the United States Department of Justice, Immigration and Naturalization, that he received a notice of a scheduled appointment for Frances-Lopez and passed it on to L. Stanley Brown, but that he did not meet with Frances-Lopez, denies representing her and denies receiving money from her.
The evidence establishes that Frances-Lopez believed she was represented by Respondent in this immigration matter, that $750.00 was paid to L. Stanley Brown for these services, some services were performed and others were not, and that Respondent violated the Rules of Professional Conduct.... Respondent contends that Frances-Lopez was never his client, that he had never met her, did not collect money from her, or provide any legal representation to her. However, Respondent allowed a condition to exist where an individual *528 seeking immigration assistance and meeting with L. Stanley Brown could reasonably expect and believe that they were receiving legal representation by Respondent. L. Stanley Brown maintains an office which is accessible only after entering the front door marked, "Law Offices of Ralph L. Flowers", after entering into a reception area staffed by Respondent's secretary and entering through an unmarked door in an alcove to a hallway leading to the office of L. Stanley Brown marked only by a faded stick-on letter "O". In short, although the means exist, there is no effort made to distinguish the Respondent's offices from that of his tenant, the immigration consultant L. Stanley Brown, and the testimony compels the undersigned to find France-Lopez a client in fact of Respondent.
(Record references omitted.)
The referee made the following findings of fact as to Count II of the Bar's complaint:
Respondent represented Carrie Jacobs-Scott ("Jacobs-Scott") in 1987 as a co-guardian for three minor children of Jacob-Scott's deceased sister, Guardianship Case No. 87-658-CP in the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida.
Respondent failed to file annual accountings on behalf of Jacob-Scott for the minor children in the years 1989, 1990, and 1991.
Respondent did not respond to the Order to Show Cause served upon Jacobs-Scott and on March 27, 1992, she was removed as co-guardian for the wards. Attorney Kevin Hendrickson was court appointed as guardian ad litem to review the guardianship. His investigation established that the guardianship fund had not been mismanaged and Jacobs-Scott was reappointed as sole guardian for the two remaining wards. Guardianship funds were expended to compensate attorney Hendrickson's work.
Jacobs-Scott repeatedly contacted Respondent regarding the orders to show cause she received in the guardianship case but Respondent failed to file proper accounting and to properly communicate and advise Jacobs-Scott in this matter.
(Record references omitted.)
Based on the above findings of fact, the Referee made the following recommendations concerning guilt:

As to Count I
I recommend the respondent be found guilty and specifically that he be found guilty of the following violations of the Rules of Professional Conduct, to wit: Rule 4-5.3(c) for ratifying the misconduct of a non-lawyer associated with the lawyer; Rule 4-8.4(d) for engaging in conduct prejudicial to the administration of justice; Rule 4-1.1 for failing to provide competent representation to a client; and Rule 3-4.8 [of the Rules of Discipline] by failing to respond in writing to all investigative inquiries made by the Bar Counsel or Grievance Committee.

As to Count II
I recommend that the respondent be found guilty and specifically that he be found guilty of the following violations of the Rules of Professional Conduct, to wit: Rule 4-1.1 for failing to provide competent representation to a client; Rule 4-1.3 for failing to act with reasonable diligence and promptness in representing a client; Rule 4-1.4(a) for failing to keep a client reasonably informed about the status of a matter and promptly complying with reasonable requests for information; Rule 4-1.4(b) for failing to explain a matter to the extent reasonably necessary to permit the client to make an informed decision regarding their representation; Rule 4-2.1 for failing to render candid advice to a client; Rule 4-8.4(d) for engaging in conduct prejudicial to the administration of justice; and Rule 3-4.8 [of the Rules of Discipline] for failing to respond in writing to all investigative inquiries made by Bar Counsel or the Grievance Committee.
Based on the above recommendations concerning guilt, the referee recommended the following disciplinary action:
[T]hat the respondent be suspended for a fixed period of ninety-one (91) days, and *529 thereafter until respondent shall have taken and passed the ethics portion of The Florida Bar examination, and for an indefinite period until the respondent shall have paid the costs of these proceedings and have made restitution to Frances-Lopez in the amount of $750.00 and to the guardianship of Thalaria L. Watkins, Mario D. Watkins, and Clayton I. Jordon, Jr., Case No. 87-658-CP in the Circuit Court for St. Lucie County, Florida in the amount of $847.00 as provide in Rule 3-5.1(i), Rules of Discipline.
Flowers contends that the referee's findings of fact on Count I are not supported by the evidence. We disagree. Frances-Lopez stated in her affidavit that she believed she was being represented by Flowers and our review of the record indicates that this belief was justified. Furthermore, Flowers represented to the Immigration and Naturalization Service of the United States Department of Justice that Frances-Lopez was his client.
The referee's findings of fact are supported by competent, substantial evidence and are, thus, entitled to a presumption of correctness. Florida Bar v. McKenzie, 442 So.2d 934 (Fla.1983). Absent a showing that such findings are clearly erroneous or lacking in evidentiary support they will not be disturbed by this Court. Id. Flowers has made no such showing and we accept the referee's findings of fact and recommendations concerning guilt on both counts.
Flowers next argues that the referee failed to consider all the evidence in mitigation prior to making his recommendation concerning discipline. He specifically argues that the referee ignored his illness and the death of his wife. Our review of the referee's report, however, shows that these factors were considered. Furthermore, at the hearing before the referee, Flowers conceded that his illness did not affect his ability to represent the clients in this case.
Based on the foregoing, we adopt the referee's recommended discipline in its entirety. We note that Flowers' prior disciplinary history includes a private reprimand for neglect, a public reprimand with a two-year period of probation for inadequate trust account record keeping procedures, and a ten-day suspension for trust account violations.
Flowers is hereby suspended for a period of ninety-one days and thereafter until he takes and passes the ethics portion of The Florida Bar examination, pays the costs of these proceedings, and makes restitution to Ms. Frances-Lopez in the amount of $750.00 and to the guardianship of Thalaria L. Watkins, et al., in the amount of $847.00. The suspension will be effective thirty days from the filing of this opinion so that Flowers can close out his practice and protect the interests of existing clients. If Flowers notifies this Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Flowers shall accept no new business from the date this opinion is filed until the suspension is completed. Pursuant to the provisions of Rule Regulating The Florida Bar 3-5.1(g), upon receipt of this order of suspension, Flowers shall forthwith furnish a copy of the order to all his clients with matters pending in his practice. Furthermore, within thirty days after receipt of this order, Flowers shall furnish staff counsel of the Bar with a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order. Judgment for costs in the amount of $2,093.65 is entered in favor of The Florida Bar against Flowers, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.