675 So.2d 592 (1996)
THE FLORIDA BAR, Complainant,
v.
Gary H. NEELY, Respondent.
Nos. 84646, 85121.
Supreme Court of Florida.
June 20, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan Wichrowski, Bar Counsel, Orlando, for Complainant.
*593 Thomas E. Cushman, St. Augustine, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar (the Bar) and the referee's report regarding alleged ethical breaches by Gary H. Neely. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report and disbar Neely permanently.
The Court in 1991 disbarred Neely from the practice of law in Florida for ethical violations. Florida Bar v. Neely, 587 So. 2d 465 (Fla.1991). The Bar subsequently filed a petition to show cause why Neely should not be further disciplined for continuing to practice law after he was disbarred.
The referee found that after Neely had been disbarred he met with a would-be client and accepted $1000 to prepare a legal malpractice suit against another lawyer. Neely has since returned only $500 of the fee. The referee also found that Neely filed a complaint in circuit court on behalf of a corporation and represented that corporation in a legal capacity for nearly two months. The record contains both documentary exhibits and testimony of witnesses that support these findings. We approve the referee's findings of fact.
The referee made the following recommendations as to guilt and discipline:
Recommendations as to Whether or Not the Respondent Should be Found Guilty: As to Supreme Court Case No. 84,646, I recommend that the respondent should be found guilty of the unauthorized practice of law after being disbarred by the Supreme Court of Florida.
As to Supreme Court Case No. 85,121, I recommend that the respondent should be found guilty of the unauthorized practice of law after being disbarred by the Supreme Court of Florida.
Recommendation as [to] Sanctions: The referee recommends that the respondent be permanently disbarred: that he be required to pay all the costs of this proceeding in regard to the above referenced case number; that he pay restitution of $500.00 to Mrs. Veronica Cottle within thirty (30) days of the final court order of the Supreme Court of Florida; and that he be specifically ordered to no longer practice law, directly or indirectly, in the state of Florida. Finally, the referee recommends that the order imposing permanent disbarment provide for respondent's incarceration or payment of a fine or both should respondent violate such order.
We find that the recommendations of guilt are adequately supported in the record and that the recommended discipline is appropriate for violating this Court's disbarment order, particularly in light of Neely's prior disciplinary record. See Florida Bar v. Neely, 587 So.2d 465 (Fla.1991); Florida Bar v. Neely, 540 So.2d 109 (Fla.1989); Florida Bar v. Neely, 502 So.2d 1237 (Fla.1987); Florida Bar v. Neely, 488 So.2d 535 (Fla.1986); Florida Bar v. Neely, 417 So.2d 957 (Fla.1982); Florida Bar v. Neely, 372 So.2d 89 (Fla. 1979).
We hereby disbar Gary H. Neely permanently from the practice of law in Florida. We order Neely to return within thirty days of the filing of this opinion the remaining $500 he accepted from Veronica Cottle. Judgment for costs in the amount of $2,564.73 is entered in favor of The Florida Bar against Neely, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.