682 So.2d 547 (1996)
The FLORIDA BAR, Complainant,
v.
Robert Paul JORDAN, II, Respondent.
No. 85109.
Supreme Court of Florida.
October 31, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Jan Wichrowski, Bar Counsel, Orlando, for Complainant.
Robert Paul Jordan, II, pro se, Palm Bay, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Robert P. Jordan, II. We have jurisdiction. Art. V, § 15, Fla. Const.
*548 The Florida Bar filed a complaint against Jordan February 2, 1995. The complaint was submitted to a referee, and a hearing was conducted May 19, 1995. The referee's report was filed with this Court August 2, 1995.
The referee recommended that Jordan be found guilty of violating the following Rules Regulating the Florida Bar in connection with his representation of two different clients: rule 4-1.4(a) (for failing to keep his client informed as to status of representation), rule 4-8.4(g) (for failing to respond to disciplinary agency's inquiry concerning attorney's conduct), and rule 4-1.3 (for failing to act with reasonable diligence and promptness in representing a client). In recommending a one-month suspension, the referee considered three additional factors as aggravation: Jordan's age (forty years old), date admitted to the Bar (April 11, 1980), and prior disciplinary history (admonishment for minor misconduct and public reprimand for professional misconduct).
We have examined the record and find adequate evidence to support the referee's recommendations as to guilt. We approve the recommended suspension, noting that suspension is especially appropriate where, as here, there is a history of prior misconduct involving the same type of client neglect. Additionally, we find the referee's assessment of costs in the amount of $1,900.54 to be reasonable, and tax them against Jordan.
Robert P. Jordan, II, is hereby suspended from The Florida Bar for a period of one month. The suspension will be effective thirty days from the filing of this opinion so that Jordan can close out his practice and protect the interests of existing clients. If Jordan notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Jordan shall accept no new business from the date this opinion is published until the suspension is completed. The costs of these proceedings are taxed against Jordan and judgment is entered in the amount of $1,900.54, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.