PER CURIAM.
We have for review the complaint of The Florida Bar and the referee’s report regarding alleged ethical breaches by Robert Paul Jordan, II. We have jurisdiction. Art. V, § 15, Fla. Const.
The record reflects the following. Jordan, a member of the Florida Bar, was retained in 1991 by Jacob and Isabelle Flowers. Jordan was paid $1,500 by the Flowers to represent their son, Lawrence, at a postconviction relief hearing. The motion for postconviction relief was denied by written order on October 29, 1991. Lawrence Flowers was given thirty days to appeal the denial of relief. Jordan filed a notice of appeal for Flowers on November 20. On August 27, 1992, the Fourth District Court of Appeal issued an order directing Flowers to show cause in writing why his appeal should not be dismissed for lack of timely prosecution. Jordan filed a response alleging that a written order specifying the reasons for the denial of the post-conviction relief motion was never issued. The district court, relying upon Jordan’s allegation, relinquished jurisdiction for thirty days on September 25, so that the lower court could enter a written order. On November 9, the Attorney General’s office filed a motion to dismiss for lack of prosecution and disputed Jordan’s allegation that no written order had been filed. Jordan responded to this motion by arguing that he had never received the written order of the trial court. On December 15, the district court denied the motion to dismiss and gave Jordan thirty days to file an initial brief. Jordan testified that he never received this order and, therefore, no brief was filed nor further action taken in the Flowers case. On April 29, 1993, the district court issued a show cause order as to the dismissal of the appeal. Jordan also claims that he never received this order. Finally, .on May 27, the district court dismissed the appeal.
Jordan failed to apprise Flowers that the appeal had been dismissed. He also failed to respond to two inquiries from The Florida Bar regarding this action. Jordan’s address, as recorded with The Florida Bar, did not change during the course of the aforementioned events.
Following the filing of a complaint against Jordan, a referee was appointed on August 28, 1995. A final hearing was held on December 5, 1995. There, the referee found that Jordan violated five Rules Regulating the Florida Bar.[1] The referee proceeded to find six elements of aggravation in accordance with standard 9.22 of the Florida Standards for Imposing Lawyer Sanctions.[2] The referee found no mitigation. As to penalty, The Florida Bar recommended a ninety-one-day suspension, payment of costs, and proof of rehabilitation. Jordan agreed that suspension was appropriate and recommended a period of ten days. The referee filed a report on January 24, 1996. The referee recommended a one-year suspension, the assessment of costs, and proof of rehabilitation. The referee also recommended that Jordan be placed under the supervision of another attorney after the suspension had been completed. Jordan now petitions for review of the referee’s findings of fact and recommendations as to discipline.
*550 Jordan raises a total of three issues. We find the first two to be without merit.[3] We do address Jordan’s claim that the recommended discipline is excessive. There can be no doubt that a suspension is appropriate in this case. Indeed, Jordan concedes as much. The main disagreement is directed to the length of the suspension. Jordan suggested a ten-day suspension. The Bar originally suggested a ninety-one-day suspension. The Bar now supports the referee’s recommendation of a one-year suspension. We find that our prior cases support a ninety-one day suspension in circumstances such as these. The six eases cited by the Bar in which attorneys were suspended for one year or more are inapposite.[4] We are mindful that Jordan has been involved in prior disciplinary proceedings. In addition, we are today approving a one-month suspension in Florida Bar v. Jordan, 682 So.2d 547 (Fla.1996). The Bar was undoubtedly aware of Jordan’s prior and pending disciplinary proceedings when it made its recommendation of a ninety-one-day suspension. We find that original recommendation to be appropriate because the instant case is better harmonized with cases such as Florida Bar v. Flowers, 672 So.2d 526 (Fla.1996), and Florida Bar v. Neely, 417 So.2d 957 (Fla.1982). In both of those cases, the disciplined attorney neglected crucial filings in the handling of cases. Further, in Flowers, the disciplined attorney also failed to respond to inquiries from bar counsel and the grievance committee. The discipline in those two cases ranged from a public reprimand in Neely to a ninety-one-day suspension in Flowers. Our review of the record indicates that a ninety-one-day suspension, necessarily mandating a petition for reinstatement and proof of rehabilitation, is the proper discipline. Any future reinstatement of Jordan will require a period of probation and may require a supervisory attorney.
Accordmgly, Jordan is hereby suspended for ninety-one days. The suspension will be effective immediately upon the completion of his one-month suspension in Florida Bar v. Jordan, 682 So.2d 647 (Fla.1996). Jordan shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment for costs in the amount of $1,910.04 is entered in favor of The Florida Bar against Jordan, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion.

. Rule 4-1.1 (requirement that competent representation be provided); rule 4-1.3 (requirement that lawyer act with reasonable diligence); rule 4-1.4 (requirement that lawyer keep client reasonably informed); rule 4-3.2 (requirement that lawyer make efforts to expedite litigation); and rule 4-8.4(g) (requirement that lawyer respond in writing to an inquiry by a disciplinary agency).

. (a) Four other instances of disciplinary action, two of which are currently pending before this Court; (b) a pattern of similar misconduct; (c) multiple offenses insofar as lawyer failed to meet more than one ethical obligation; (d) bad faith insofar as the lawyer's failure to respond to the disciplinary agency was intentional; (e) lawyer made false statements to the referee at the hearing; and (f) lawyer had substantial experience in *550 the practice of law at the time the infractions occurred.

. First, Jordan challenges the method in which the disciplinary hearing was held. Second, Jordan claims that the referee’s recommendation is faulty because the referee allegedly considered inappropriate factors. After reviewing the record, we find that neither of these issues warrants discussion.

. Florida Bar v. Fussell, 474 So.2d 210 (Fla.1985); Florida Bar v. Sheldon, 446 So.2d 1081 (Fla.1984); Florida Bar v. Gunther, 390 So.2d 1192 (Fla.1980); Florida Bar v. Seidler, 375 So.2d 849 (Fla.1979); Florida Bar v. Reed, 299 So.2d 583 (Fla.1974); Florida Bar v. Zokvic, 216 So.2d 208 (Fla.1968).