276 So.2d 481 (1973)
THE FLORIDA BAR, Complainant,
v.
Lloyd J. BENNETT, Jr., Respondent.
No. 42746.
Supreme Court of Florida.
April 18, 1973.
Robert M. Brake, Coral Gables, for The Florida Bar, complainant.
Melvin Schaffer, Miami, for respondent.
PER CURIAM.
This disciplinary proceeding is before us upon petition for review of The Florida *482 Bar, Art. XI, Rule 11.09, Bar Integration Rule, 32 F.S.A. The Referee recommended suspension from the practice of law for a period of three years; The Florida Bar upon vote of its Board of Governors seeks modification to a one-year suspension but with the additional requirement that respondent provide proof of rehabilitation before reinstatement as an additional safeguard for protection of the public.
We agree with The Florida Bar in its recommendation and find that a requirement of proof of rehabilitation before reinstatement of this respondent is well advised.[1] The attorney (respondent) in 1971 was suspended by this Court for three months for failure to keep a client properly advised of negotiations regarding refinancing of property not related to this action. His problem again arises out of business transactions with property in which respondent was involved. He contends his involvement was only as a participant in a business transaction and not as an attorney. An extended examination of the record reflects, however, a mixed interest of participant and attorney, at least placing himself in such a position as an attorney that his associates in the venture reasonably looked to him as an attorney who would be informed on the matter and relied upon him in this respect in some instances.
Some may consider it "unfortunate" that attorneys can seldom cast off completely the mantle they enjoy in the profession and simply act with simple business acumen and not be held responsible under the high standards of our profession. It is not often, if ever, that this is the case. In a sense, "an attorney is an attorney is an attorney", much as the military officer remains "an officer and a gentleman" at all times. We do not mean to say that lawyers are to be deprived of business opportunities; in fact we have expressly said to the contrary on occasion; but we do point out that the requirement of remaining above suspicion, as Caesar's wife, is a fact of life for attorneys. They must be on guard and act accordingly, to avoid tarnishing the professional image or damaging the public which may rely upon their professional standing.
Here, the respondent-attorney joined with 7 others, some of whom were outside the state and therefore had this additional reason for looking to respondent in the matter, in the purchase of Kendall Plaza, a shopping center on highway U.S. # 1, south of Miami. He handled details on behalf of the group as trustee. The group joined together in 1956 in pursuing this matter and after the purchase was finally accomplished there were disputes and ultimately a suit by four of the others against the attorney for "fraudulent misrepresentation and breach of fiduciary duties" resulting in May 1970 in a final judgment in the Dade County Circuit Court against the attorney for $71,333, the court there finding that he had represented the price to his "partners" to be $146,000 when in reality it was $140,000; that he had deceived the group into thinking that part of the Plaza was not subject to purchase when in fact it was and that Bennett received tax money from his "partners" for the Plaza and in fact the taxes were not paid and that Bennett fraudulently obtained the ownership of one of the store premises in the Plaza in his own right.
The results of such a civil suit are not necessarily conclusive of disciplinary action; there must be proof of a breach of the Code of Professional Responsibility for Attorneys before discipline will result. The able Referee strictly applied this rule; moreover, he did not find respondent guilty of all items that the Circuit Judge did.
*483 It is the civil suit, however, and the circumstances giving rise to it which brought about this disciplinary action and upon which actions the Referee's recommended suspension of three years was based. The Referee did not, as we have said, entirely agree with all of the circuit court findings but did find those breaches of discipline mentioned below for which he recommended the suspension. Is is apparent from the transcript that it was a most conscientious Referee who was being extremely careful and diligent in his inquiry in order to be assured of any actual breaches of discipline by the respondent and who was careful to guard against being influenced by the mere conclusion of the civil suit.
The Honorable George W. Wright, Jr., Referee, expressed it well in his findings when he said:
"... that in none of the transactions giving rise to the Complaint against him was the respondent acting in an actual attorney-client relationship; that is, there was no evidence adduced that respondent was retained or employed by or agreed to or did act in the various land transactions forming the subject matter of the Complaint as an attorney for the other investors. He was, however, acting not only as a joint owner and investor, but in a fiduciary relationship  as trustee for the other investors  and the fact that he was an attorney, if anything, should have made him more aware of the obligation which he, as trustee, owed to those on whose behalf he was acting. His profession unquestionably caused the other investors to repose greater confidence in him than they might have otherwise. An attorney is not, of course, immune from discipline merely because the acts complained of were not committed in the course of the strict attorney-client relationship.[10]
"[10] Article XI, par. 2, of the Integration Rule of The Florida Bar, in effect at the time of the commission of the acts giving rise to this proceeding, provided, in pertinent part:
`The Commission by a lawyer of any act, contrary to honesty, justice or good morals, whether the act is committed in the course of his relations as an attorney or otherwise, and whether or not the act is a felony or misdemeanor, constitutes a cause for discipline.' (Emphasis supplied.)"
The Referee was working under the handicaps of the passage of time and its debilitating effect upon the memories of the witnesses, and the fact that much of the documentary evidence from the circuit court trial against respondent had been lost or had disappeared and was not available for his consideration.
The able Referee found favorably for the respondent regarding the accusations of a misrepresented purchase price and a separate parcel acquired separately by respondent. The Referee did find that respondent failed diligently and promptly to discharge his fiduciary duties toward his principals in becoming involved in other problems and business ventures and guilty of misrepresentation to his principals of the sale of a portion of the property as not including the Post Office parking lot when in fact it did and admittedly so by respondent's own testimony of his unsuccessful attempts later to secure a reconveyance of it. Finally, the Referee viewed the continuing non-payment of the circuit court judgment against respondent as not being in itself a basis for discipline since it was not for money collected by him "as attorney", citing Rule 31, Additional Rules Governing the Conduct of Attorneys in Florida. FSA Rules.
The finding of guilt by the Referee was on the bases of respondent not promptly paying taxes for which his principals sent the money and misrepresentation to his principals that a parking lot was not included in the sale of a portion of the property when in fact it was included. Upon these grounds the Referee found respondent guilty of a violation of Article XI, par. 2, Integration Rule of The Florida Bar, in effect at the time of the acts, "for *484 actions contrary to honesty and justice committed in the course of his fiduciary capacity." He was found not guilty as to all other charges.
The record reflects that apparently respondent has been principally involved in dealings with investments and property developments rather than in pursuing the practice of law as such. In such circumstances, it behooves one who is privileged to occupy the position of trust as an attorney to avoid any involvement as an attorney or fiduciary, in order to obviate the very difficulties which developed in this case. It is difficult to isolate one's position as an attorney when involved in such activities that of necessity involve legal ramifications; special care must be taken to avoid such an active role if an attorney expects not to be held accountable under the Code of Professional Responsibilities for Attorneys.
Under the circumstances here we view the Bar's recommendation for one year suspension with requirement for showing of rehabilitation before reinstatement as a reasonable one in which we concur. It is accordingly ordered that respondent is hereby suspended from the practice of law for a period of one year and until he shall make appropriate showing that he has been rehabilitated for the resumption of the practice of law and shall meet the requirements for reinstatement as set forth and provided in Integration Rule 11.11.
It is adjudged that The Florida Bar do have and recover from respondent its costs herein expended in the sum of $649.48, for which let execution issue.
It is so ordered.
ROBERTS, Acting C.J., and ERVIN, ADKINS, BOYD and DEKLE, JJ., concur.
NOTES
[1] Express mention is made in new Integration Rule 11.11(1)(b), eff. December 1, 1972, for proof of rehabilitation being made a condition for removal of suspension and the procedure to be followed is set forth in that Rule. FSA Rules; Published in The Florida Bar Journal, Sept. 1972.