419 So.2d 325 (1982)
THE FLORIDA BAR, Complainant,
v.
Thomas J. DAVIS, Jr., Respondent.
No. 61435.
Supreme Court of Florida.
August 26, 1982.
*326 Stanley A. Spring, Staff Counsel, Tallahassee, and Stephen M. Zukoff, Bar Counsel, Miami, of The Florida Bar, for complainant.
Lionel Barnet of the Law Offices of Lionel Barnet, Miami, for respondent.
PER CURIAM.
This is a disciplinary action brought by The Florida Bar against Thomas J. Davis, Jr., a Florida lawyer. Both the bar and Davis have petitioned for review of the report and recommendation of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The complaint against Davis contained three counts. The first count alleged various offenses arising out of his involvement in the sale of time-share unit-weeks at a vacation development in the Florida keys. Count II alleged improper disbursements from a trust account, and count III alleged that Davis misled the bar during the investigation leading to count I.
As to count I the referee found that Davis served as the president, a director, and the resident agent of Vacation Wonderlands of America, Inc. (Vacation), a corporation that purchased land in the Florida keys. At the same time Davis served as an officer, a director, and the resident agent of Encore Resorts International, Inc. (Encore), whose purpose was to sell time-share unit-weeks to the public. Vacation and Encore had certain common officers and directors, including Davis, and he acted as counsel for both corporations.
On December 31, 1973 Vacation purchased a tract of land on Long Key, Florida, for $252,500.00, making a $75,000.00 down payment and executing a $177,500.00 purchase money mortgage. Two days later, Vacation and Encore entered into a contract for deed wherein Encore agreed to purchase the land from Vacation for $205,000.00 to be paid in three annual installments of $68,334.00 plus interest. Vacation agreed to convey the land to Encore upon receipt of the final payment due in January 1977. This contract was never recorded.
Sometime in February 1974 Encore began selling time-share unit-weeks for townhouses located on the property. The agreement for deed given each purchaser specifically provided that upon payment in full the purchaser would receive a warranty deed and title insurance coverage. Encore never provided these to the purchasers because of the mortgage encumbrances and because Encore did not own title to the property.
*327 The referee found that Davis was closely associated with both Vacation and Encore, not only as the companies' attorney, but also as an officer and a director to whom other officers, directors, and employees of the companies looked for advice and guidance. Accordingly, he must have realized, as an attorney, the impossibility under the circumstances of delivering warranty deeds and title insurance to the purchasers of units who paid the purchase price in full. Failure to provide adequate protection for those purchasers was, in the referee's opinion, a breach of Davis' professional responsibility.
In April 1975 the original owners of the property brought a foreclosure action against Vacation, but Encore continued to sell units after this time. Seventy-five purchasers contributed approximately $194,510.00 towards the purchase of the units from Encore between 1974 and 1976. On October 5, 1976 the property was sold pursuant to a foreclosure order, and all of the purchasers lost their units.
Because of his close connection with Vacation and Encore and his knowledge of the foreclosure suit, the referee found that Davis had a duty as a member of the bar to insist that Encore immediately cease and desist from selling unit-weeks. Davis' conduct in not doing so was clearly unprofessional, in complete disregard for the consequences to the purchasers, and prejudicial to the legal profession. The referee also found that it reflected on his fitness to practice law. The bar introduced no competent evidence at trial, however, to indicate that Davis benefited financially from the operation of either Vacation or Encore.
The referee found Davis guilty as to count I for violating Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(5) and (6), 7-102(A)(7) and (8), and Florida Bar Integration Rule, article XI, rule 11.02(2). He was found not guilty as to counts II and III dealing with disbursements from an escrow account and misleading the bar. The referee then recommended a public reprimand and suspension from the practice of law for three months with automatic reinstatement. He assessed costs against Davis in the amount of $5,026.39 from the total costs of $16,977.36. Both the bar and Davis have raised issues in their petitions.
The bar's petition for review objects to the proposed disciplinary measures as inadequate. In view of the seriousness and fraudulent nature of the misconduct involved, the bar requests that Davis be disbarred. The bar also requests that Davis be found guilty of count III, misleading the bar, and that the full cost of the proceedings be assessed against him.
Davis' petition for review challenges the referee's finding of guilt as to count I. He further alleges a denial of due process on three grounds: (a) denial of counsel, (b) protracted duration of the case, and (c) failure to allow him to prepare properly for trial.
We have reviewed the record and the referee's report and find that there is competent substantial evidence to support the referee's findings of fact. Considering the totality of the circumstances, we also find that the recommendation for punishment is adequate and should be adopted. While Davis was found guilty of failing to provide adequate protection for the unit purchasers and of failing to insist that Encore immediately cease and desist from selling units after the foreclosure action was instituted, the referee did not find his actions fraudulent in nature.[*] We find no merit in Davis' allegations that the bar's actions in prosecuting this matter denied him due process. While the delay in reaching a final resolution is regrettable, it was not prejudicial and should not happen under the new rules.
The bar also complains of the failure of the referee to assess all of its costs against the respondent. In disciplinary actions *328 costs include court reporter's fees, copy costs, witness fees and traveling expenses, and reasonable traveling and out-of-pocket expenses of the referee and bar counsel. Costs shall also include a $150 charge for administrative costs at the grievance committee level and a $150 charge for administrative costs at the referee level. Fla.Bar Integr. Rule, art. XI, rule 11.06(9)(a).
The bar incurred costs much greater than those recommended by the referee. The underassessment of costs was caused in part by the finding of not guilty in two of the three charges. The referee recommended one-third recovery on some of the costs such as the court reporter. The underassessment was likely influenced by a perception of the referee that the costs were greatly disproportionate to those generally generated in a disciplinary action. We have set no hard or fast rules relative to the assessment of costs in disciplinary proceedings. In civil actions the general rule in regard to costs is that they follow the result of the suit, section 57.041, Florida Statutes (1981), Dragstrem v. Butts, 370 So.2d 416 (Fla. 1st DCA 1979), and in equity the allowance of costs rests in the discretion of the court. National Rating Bureau v. Florida Power Corp., 94 So.2d 809 (Fla. 1956).
We hold that the discretionary approach should be used in disciplinary actions. Generally, when there is a finding that an attorney has been found guilty of violating a provision of the code of professional responsibility, the bar should be awarded its costs. At the same time the referee and this Court should, in assessing the amount, be able to consider the fact that an attorney has been acquitted on some charges or that the incurred costs are unreasonable. The amount of costs in these circumstances should be awarded as sound discretion dictates. In this case the bar submitted no information on its costs restricted to count I. We find that the referee's recommendation of allowing one-third of certain costs where there has been a finding of guilt on one charge but not on two others to have been reasonable.
We approve the recommendations of the referee. The respondent, Thomas J. Davis, Jr., is hereby suspended from the practice of law for three months. Publication of this order in the Southern Reporter will serve as a public reprimand. Davis will have twenty days from the date of this order to take steps necessary to protect his current clients. Costs in the amount of $5,026.39 are charged against the respondent.
It is so ordered.
ADKINS, BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, with which ALDERMAN, C.J., concurs.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the finding of guilt, but I am of the opinion that respondent's suspension should be for a period in excess of three months so that proof of rehabilitation would be required. The latter is necessary for the protection of the public.
I am also of the opinion that the bar should recover more of its costs. It appears from the record that far greater effort was required and expended in proof of count I than the other two counts. Under these circumstances, it would be fair and reasonable to assess as costs at least two-thirds of the total court reporter's bill and two-thirds of the cost of investigators, rather than one-third of such costs.
ALDERMAN, C.J., concurs.
NOTES
[*] Had the facts demonstrated that this attorney was guilty of fraud or a conspiracy to commit a fraud on the public, we likely would disbar him.