574 So.2d 59 (1990)
THE FLORIDA BAR, Complainant,
v.
Paul S. CARR, Respondent.
Nos. 72576, 72707.
Supreme Court of Florida.
February 1, 1990.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Richard A. Greenberg, Asst. Staff Counsel, Tampa, for complainant.
Paul S. Carr, of Carr & Carr, Ruskin, in pro. per.

CORRECTED OPINION
PER CURIAM.
These disciplinary proceedings against respondent are before the Court on the complaint of The Florida Bar and the findings and recommendations contained in the referee's report. We have jurisdiction pursuant to article V, section 15, of the Florida Constitution. Respondent petitions for review of the referee's recommendation that each party be responsible for its own costs.
The referee found a failure to prove the charges filed against respondent by clear and convincing evidence, and found respondent not guilty. Neither The Florida Bar nor respondent seeks review of the referee's findings of fact, and we approve those findings. The only issue on appeal is whether the referee abused his discretion in recommending that each party bear its own costs. Respondent argues that because The Florida Bar is customarily awarded costs in cases where a lawyer is disciplined, it follows that a lawyer who prevails against charges brought by the Bar should be awarded costs as a matter of right. We disagree. The taxation of costs is a matter within the discretion of the referee, and should not be reversed absent an abuse of discretion. Clearly there is no abuse in this instance where respondent failed to ask for costs before the referee. Indeed, he submitted a proposed report in which he suggested to the referee the following language, "I find that each party shall bear their own costs incurred herein," which language was adopted verbatim by the referee. Respondent received exactly what he proposed to the referee.
Accordingly, we approve the referee's recommendations, find respondent not guilty of the charges filed against him, and hold each party responsible for its costs.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.