609 So.2d 1320 (1992)
THE FLORIDA BAR, Complainant,
v.
Richard E. BOSSE, Respondent.
No. 78882.
Supreme Court of Florida.
December 10, 1992.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, *1321 Tallahassee, and David G. McGunegle, Bar Counsel, and Kristen M. Jackson, Co-Bar Counsel, Orlando, for complainant.
T.N. Murphy, Jr. of T.N. Murphy, Jr., P.A., Deerfield Beach, for respondent.
PER CURIAM.
This cause is before us to review a referee's report on a complaint of The Florida Bar in which the referee recommended that the Respondent, Richard E. Bosse, be found not guilty on all counts and that Bosse's costs be assessed against the Bar. The Bar does not contest the referee's finding of not guilty, but does contest the referee's recommendation that the Bar pay Bosse's costs in the amount of $9,065.36. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's report and approve the payment of costs but only to the extent of the designated recoverable costs set forth in the rules.
This case arose from a client's complaint about Bosse's representation in an adoption that failed. During the proceedings before the referee, Bosse initially filed a motion for summary judgment, which the referee denied. Subsequently, the referee found Bosse not guilty on all counts. In a separate hearing on the issue of costs, the referee found that the Bar had "presented an extremely weak case before the referee"; that Bosse "was the strong prevailing party"; and that Bosse should be awarded costs in the amount of $9,065.36. The costs included service of process expenses, long distance telephone charges, court reporter fees, and expert witness fees.
The Bar contests the recommendation that costs be assessed against the Bar. The Bar argues that costs are strictly governed by the Rules Regulating The Florida Bar, which do not allow an assessment of costs against the Bar in disciplinary cases. The rules state that a referee's report is to include "a statement of costs incurred by The Florida Bar and recommendations as to the manner in which such costs should be taxed." Rule Regulating Fla. Bar 3-7.6(k)(1)(5). The Bar asserts that this rule clearly reflects that only costs incurred by the Bar are to be considered by the referee. The Bar acknowledges that this Court has in the past awarded costs to a respondent. However, the Bar distinguishes those cases from this case by the fact that this Court has not addressed the question of awarding costs to a respondent under the present rules. The Bar claims that requiring it to pay costs would have a chilling effect on the disciplinary process, would impact the Bar's budget and dues, and would disrupt and require a complete restructuring of the disciplinary process.
Alternatively, the Bar argues that, should the Court choose to allow cost awards to prevailing respondents, the standard for determining the appropriateness of such awards should be the existence of clear and convincing evidence that the Bar abused its discretion in unreasonably prosecuting or continuing to prosecute a case when it was obvious from the available evidence that the Bar could not prevail. Applying that standard here, the Bar contends that, because this case was pursued only after a finding of probable cause had been rendered by the grievance committee, was brought in good faith, and did not involve any prosecutorial misconduct, the referee abused his discretion by awarding costs to Bosse.
Finally, the Bar maintains that this Court should limit the taxable costs to those specifically enumerated in the rules if we determine that Bosse is entitled to recover costs in this instance. The Bar contends that the long distance telephone charges and service of process expenses are not allowed under the rules.
We have never held that the Bar is the only party entitled to recover costs, and we find that the Rules Regulating The Florida Bar do not preclude this Court from taxing costs against the Bar. The rules simply require the referee to specifically address the issue of whether costs should be assessed against a respondent in favor of the Bar. Under the current state of the law, referees may recommend and, in fact, have recommended that costs be assessed against the Bar. Such recommendations have not, in our view, led to the "chilling effect" contended by the Bar. In *1322 reaching this conclusion, we emphasize that it is this Court, and not the referee, that taxes costs against a respondent or the Bar. Consequently, we reaffirm our view that a referee does have the discretion to recommend the assessment of costs against the Bar; however, the final discretionary authority to tax costs against the Bar rests solely in this Court.
In The Florida Bar v. Davis, 419 So.2d 325 (Fla. 1982), we established the standard for setting costs in bar disciplinary actions, stating:
We have set no hard or fast rules relative to the assessment of costs in disciplinary proceedings. In civil actions the general rule in regard to costs is that they follow the result of the suit, and in equity the allowance of costs rests in the discretion of the court.
We hold that the discretionary approach should be used in disciplinary actions.
419 So.2d at 328 (citations omitted). Although, in Davis, we were addressing the issue of whether costs were to be assessed in favor of the Bar, we find that the discretionary approach has been used by this Court in assessing costs in favor of a respondent and is still applicable in determining that issue today.
Turning to the facts of this case, we cannot say that the referee acted inappropriately in recommending that costs be awarded in Bosse's favor. However, we do agree that the Rules Regulating The Florida Bar specifically identify the costs that may be assessed against a respondent and that those same limitations must also apply in assessing costs against the Bar. Rule 3-7.6(k)(1)(5) specifically limits costs to: investigative costs, including travel and out-of-pocket expenses; court reporters' fees; copy costs; witness and traveling expenses; and reasonable traveling and out-of-pocket expenses of the referee and counsel, if any. Here, in addition to costs set out in the rule, the referee recommended that Bosse be awarded costs for long distance telephone expenses. Those costs are not chargeable under the rule, and we find that the $9,065.36 award must be reduced by the amount of those charges. We reject the Bar's argument that service of process expenses are not taxable costs because we find that those costs may be properly charged under the rule as witness expenses.
Accordingly, for the reasons expressed, judgment for costs in the amount of $8,977.50 is hereby entered in favor of Richard E. Bosse against The Florida Bar.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.
McDONALD, Justice, concurring in part, dissenting in part.
I agree that some costs under some circumstances may be assessed against The Florida Bar when it fails to prevail in a grievance proceeding. I would not, however, include in those costs charges of attorneys testifying on behalf of a fellow attorney. In this case these came to $6,895.00. I would disallow that.