609 So.2d 1318 (1992)
THE FLORIDA BAR, Complainant,
v.
C. Calvin HORVATH and Victor O. Mead, Respondents.
No. 78522.
Supreme Court of Florida.
December 17, 1992.
*1319 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan K. Wichrowski, Bar Counsel, Orlando, for complainant.
Hart Baker of Baker & Leitch, Orlando, for respondents.
PER CURIAM.
In this lawyer disciplinary proceeding, we have for review a referee's report in which the referee recommended that the Respondents, C. Calvin Horvath and Victor O. Mead, be found not guilty on all counts and that costs be taxed against the Bar. We have jurisdiction. Art. V, § 15, Fla. Const. The Bar does not seek review of the referee's finding of not guilty, but does seek review of the referee's recommendation regarding taxation of costs.
The issues before this Court are whether authority exists to tax costs against the Bar, and, if so, whether we should accept the referee's recommendation that the Bar be required to pay the entire cost of this proceeding, including the costs of a collateral proceeding that was previously ruled on by this Court. Regarding the first issue, we recently held that this Court may tax costs against the Bar. The Fla. Bar v. Bosse, 609 So.2d 1320 (Fla. 1992). As to the second issue, we conclude that, under the circumstances of this case, the Bar should be required to pay a portion of the Respondents' costs.
This disciplinary proceeding arose from a complaint regarding a newspaper advertisement in which the Respondents advertised legal services for "uncontested" divorces at the rate of $50, plus costs. The Bar brought this action against the Respondents on the assertion that the advertisement was misleading because a client had complained that he was required to pay more than $50. During the course of this disciplinary proceeding, the Bar filed a petition in this Court for an Order to Show Cause to require the Respondents to comply with the Bar's subpoena duces tecum concerning Respondents' office records and files. We appointed a referee to review the Bar's petition. After review, the referee recommended that the Bar's document production request was proper but should be limited to cover a one-year period rather than the three-year period requested by the Bar. In that case, we approved the referee's recommendation and expressly directed the Respondents to pay costs in the amount of $553.50.
The referee then proceeded to a hearing on the merits of this case. In his final report, the referee recommended that the Respondents be found not guilty on all counts, stating: "There has been no evidence presented that [the complainant] did not fully understand the terms of the representation, nor does it appear from his testimony there were any material facts misrepresented to him." The referee also stated: "I do think, however, the words `uncontested divorce  $50.00, add costs,' can lead to confusion as this case indicates. It seems to me, the better practice would be to say, `Uncontested divorces $50.00 and up, add costs.' Hopefully, this would avoid any confusion." Clearly, the referee's recommendation was based on his finding that, although the advertisement could lead to confusion, the complainant in this case was not materially misled by the advertisement.
After recommending that the Respondents be found not guilty, the referee summarily recommended that the costs of this proceeding be taxed against the Bar in the amount of $869, which included: (1) filing fee for the prior review of the referee's report on the document production request, $250; (2) costs incurred by the Bar in document production request review proceeding, $553; (3) transcription costs of referee's December 18, 1991, hearing, $21; (4) subpoena fees, $15; and (5) process server fees, $30. The majority of these costs, $803, was incurred by the Respondents in contesting the document production request of the Bar. That proceeding was *1320 primarily disposed of adversely to the Respondents in The Florida Bar v. Horvath, 581 So.2d 1310 (Fla. 1991) (order approving in part and rejecting in part referee's recommendation). We determined in that proceeding that the Respondents were to be taxed costs in the amount of $553.50 to cover the Bar's costs in the document production request review proceeding. The Respondents paid those costs but now seek to have us revisit that determination and ask us to order a reimbursement of those costs.
It is clear that we found the records request by the Bar to be material and relevant to the issues in this case. The documents were necessary for the hearing on the merits, and the record reflects that the costs of that proceeding were primarily precipitated by the Respondents. In our previous order, we made the determination that the Respondents were to be responsible for the costs of that proceeding; consequently, we cannot agree with the referee's recommendation that we should revisit that determination. Under the circumstances of this case, we find that costs should be taxed against the Bar only in the amount of $66.
Accordingly, we approve the referee's recommendations in part by finding the Respondents not guilty of the charges filed herein. Judgment for costs in the amount of $66 is hereby entered in favor of C. Calvin Horvath and Victor O. Mead against The Florida Bar.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.