617 So.2d 1055 (1993)
THE FLORIDA BAR, Complainant,
v.
Louis S. ST. LAURENT, Respondent.
Nos. 75686, 77594.
Supreme Court of Florida.
April 8, 1993.
Rehearing Denied May 19, 1993.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Patricia S. Etkin, Bar Counsel and Arlene K. Sankel, Co-Bar Counsel, Miami, for complainant.
Frederick R. Mann of Wampler, Buchanan and Breen, P.A., Miami, for respondent.
PER CURIAM.
The Florida Bar seeks review of the referee's recommended discipline in this matter. We have jurisdiction. Art. V, § 15, Fla. Const.
The charges at issue in this case stem from Louis St. Laurent's involvement in south Florida's real estate market. St. Laurent served as Chief Assistant State Attorney for the Twentieth Judicial Circuit from 1969 to 1980. In 1980, St. Laurent resigned from the state attorney's office to serve as president, director, and sole shareholder of Can Am Investments, Inc. Can Am was the developer and marketing agent for the Topsider Resort Condominium Association, Inc., a time-share condominium in the Florida Keys. During his tenure with Can Am, St. Laurent was not engaged in the actual practice of law. However, he was a member of The Florida Bar and, therefore, subject to the rules regulating the Bar. The Fla. Bar v. Della-Donna, 583 So.2d 307, 310 (Fla. 1989); The Fla. Bar v. Bennett, 276 So.2d 481, 484 (Fla. 1973).
The Bar filed two complaints against St. Laurent alleging fraud in the way Topsider's time-share units were sold and the way the warranty deeds were executed and delivered.
The first complaint alleged that St. Laurent had prepared and executed warranty deeds to purchasers of time-share units which represented that the purchasers were receiving free and clear title to their units. In fact, there was a cloud on their title, First Federal's mortgage. The complaint also alleges that St. Laurent misdirected and converted to his own use those funds received from purchasers which should have been used to satisfy the underlying mortgage.
The second complaint alleges that St. Laurent executed a warranty deed to Raymond and Ann Martin which purported to convey clear and free title to a time-share unit when, in actuality, the property was encumbered by a mortgage. Also, St. Laurent misdirected and converted cash sale proceeds with regard to the Martin's purchase, in that said funds were not used to satisfy the underlying mortgage on the unit. Finally, St. Laurent misdirected and converted funds which should have been held in escrow.
*1056 The complaints charged that St. Laurent's actions violated Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (conduct which adversely reflects on fitness to practice law) of the former Code of Professional Responsibility and article XI, rule 11.02(3)(a) of the former Integration Rule of The Florida Bar (commission of an act contrary to honesty, justice, or good morals). Pursuant to a motion by the Bar, the complaints were consolidated. In January 1992, St. Laurent pled no contest to the allegations in the complaint. The no-contest plea was treated as an unconditional guilty plea. A final hearing before the referee was held in April 1992 to determine the appropriate discipline.
In his report, the referee found that no aggravating circumstances existed and that there was substantial mitigation. The referee recommended that St. Laurent be given a public reprimand and a forty-five-day suspension followed by twenty-four months' probation with the special condition that he pay restitution to an injured party. The referee also recommended that St. Laurent pay $14,932.89 in costs. The Bar appealed.
The Bar first claims that the referee's findings regarding which rules St. Laurent violated do not coincide with the violations charged in the complaint. We agree that the referee's report is unclear regarding which disciplinary rules St. Laurent violated. In light of St. Laurent's unconditional guilty plea to the violations alleged in the Bar's complaints, and to clear up any uncertainty, we find that St. Laurent is guilty of the violations charged by the Bar.
Next, the Bar argues that St. Laurent's conduct warrants disbarment. In recommending only a forty-five-day suspension, the referee felt that, while St. Laurent was legally responsible for the sale of time-shares, he did not knowingly intend to defraud the purchasers. The record reflects that St. Laurent did not prepare the warranty deeds or personally close transactions. In fact, he rarely, if ever, even met with the purchasers of the time-share units. St. Laurent delegated these duties to other employees of Can Am who were "experienced" in the real estate business. When he signed the deeds as trustee, he assumed the lots were going to be released from the mortgage. While this assumption was incorrect, it is apparent that it was an "honest mistake."
In mitigation, the referee found that St. Laurent had no previous disciplinary record and that St. Laurent had suffered a series of severe personal and emotional setbacks during the time period involved. Also, St. Laurent's reputation is one of honesty and integrity, St. Laurent had shown remorse by paying restitution to the only party injured, and St. Laurent had no experience in real estate law. Finally, the referee found that St. Laurent had lived under the cloud of these proceedings for four years and had previously been adversely impacted by the delay in the investigation and handling of this matter by the Bar. The referee's findings are supported by the record and, in light of those findings, we feel that disbarment is not warranted in this case. However, the violations to which St. Laurent pled guilty are serious. A ninety-one-day suspension is appropriate.[1]
Finally, the Bar argues that St. Laurent was responsible for $36,091.59 in costs of investigation and prosecution of this matter. The referee expressed great concern with this amount and found it unreasonable. The Bar expended $21,158.70 for the reproduction of bank records. However, the Bar never attempted to request these items directly from St. Laurent and the bank records were of little relevance to the complaint. Therefore, the referee disallowed the Bar's request for reimbursement of bank records and recommended that St. Laurent pay $14,932.89 in costs.
The matter of costs is within the discretion of the referee and should not be reversed absent an abuse of discretion. The Fla. Bar v. Carr, 574 So.2d 59 (Fla. 1990). *1057 In this case, the record supports the referee's assessment. There was no abuse.
Accordingly, we suspend St. Laurent from the practice of law for a period of ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that St. Laurent can take steps to protect the interests of his existing clients. If St. Laurent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. St. Laurent shall accept no new business from the date this opinion is filed until his suspension is completed. Following his suspension, St. Laurent will be placed on probation for two years with the special condition that he pay restitution to the Martin family in the amount of $4,000.[2] Costs in the amount of $14,932.89 are hereby assessed against St. Laurent, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Any suspension in excess of ninety days shall require proof of rehabilitation and may require passage of all or part of the bar examination as a prerequisite to readmission. Rule 3-5.1(e), Rules Regulating The Florida Bar.
[2] St. Laurent previously offered to pay this restitution, but the record is unclear regarding whether payment has actually been tendered.