616 So.2d 449 (1993)
THE FLORIDA BAR, Complainant,
v.
Charles R. CHILTON, Respondent.
No. 79115.
Supreme Court of Florida.
April 8, 1993.
*450 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel and Kristen M. Jackson and David R. Ristoff, Co-Bar Counsel, Orlando, for complainant.
Jack P. Brandon of Peterson, Byers, Craig, Crews, Brandon & Puterbaugh, P.A., Lake Wales, and Lance Holden of Sharit, Bunn, Chilton & Holden, Winter Haven, for respondent.
Henry P. Trawick, Jr., Sarasota, amicus curiae.
PER CURIAM.
The Florida Bar has petitioned this Court to review a referee's report recommending that costs be assessed against the Bar and certifying the issue of whether a respondent can recover attorney's fees against the Bar where the respondent prevails. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Florida Bar filed a complaint alleging that Chilton misrepresented information in a petition for adoption which he filed. The Bar also filed a separate complaint against attorney Richard E. Bosse based on charges arising from the same adoption proceeding. After a referee hearing in the Bosse case, the referee recommended that Bosse be found not guilty on all counts. On April 9, 1992, the referee in the instant case issued an order granting Chilton's motion for summary judgment. The order recommended that Chilton be found not guilty of any violation alleged in the Bar's complaint. On June 29, 1992, the referee conducted a hearing relating to Chilton's motions to tax costs and assess attorney's fees against the Bar. The referee filed a report recommending that Chilton be awarded costs in the amount of $9,281.38[1] to be paid by the Bar. The referee denied an award of attorney's fees because "[t]here is no provision in the procedural rules governing Bar disciplinary proceedings to permit this Referee to award reasonable attorney's fees incurred by the Respondent." However, the referee certified the following question to this Court:
WHETHER THE RESPONDENT IN A BAR DISCIPLINARY PROCEEDING CAN RECOVER ATTORNEY'S FEES AGAINST THE BAR GIVEN THE TOTALITY OF THE CIRCUMSTANCES OF THE CASE.
The Bar does not take issue with the referee's recommendation that Chilton be found not guilty of the charges against him. Based upon The Florida Bar v. Bosse, 609 So.2d 1320 (Fla. 1992), the Bar also voluntarily dismissed the issue of the assessment of a respondent's costs. However, the Bar continues to challenge specific items of the costs that the referee recommended be awarded to Chilton. The Bar further contends that neither the Rules Regulating The Florida Bar nor the case law support an award of attorney's fees to *451 either party in a bar disciplinary proceeding.
We find that our recent opinion in Bosse is controlling in this case. In Bosse, this Court reaffirmed that the standard for setting costs in disciplinary actions is the discretionary approach, rather than the civil standard that costs generally follow the result of the suit. 609 So.2d at 1322. We also stated that only those costs specifically identified in the Rules Regulating The Florida Bar may be assessed against either a respondent or the Bar. Id.
Based upon the facts of this case, we cannot say that the referee acted inappropriately in recommending that costs be awarded in Chilton's favor. However, we agree with the Bar that some of the costs that the referee recommended should not be awarded. Rule 3-7.6(k)(1)(E)[2] specifically limits costs to: investigative costs, including travel and out-of-pocket expenses; court reporters' fees; copy costs; witness and traveling expenses; reasonable traveling and out-of-pocket expenses of the referee and counsel, if any; and a $500 charge for administrative costs. The referee recommended that Chilton be awarded $385.75 for Federal Express charges and $107.33 for mounting display items for the hearing, as well as $500 for administrative costs. Postage, shipping expenses, and display expenses are not among the costs listed in rule 3-7.6(k)(1)(E), although such expenses are cognizable as administrative costs. Thus, we reduce the award classified as costs by $493.08, and approve the award of $493.08 in administrative costs, instead of the $500 recommended by the referee.[3]
The Bar also challenges the referee's recommendation of $2,205 for Chilton's investigative time because he "is not a professional investigator and the functions that he lists in his affidavit do not appear to be investigative in nature but rather relate to the normal preparation by any respondent in a Bar discipline case." In the instant case, the referee's report classifies many of Chilton's activities as investigative, including the following: attending the local grievance committee meeting; attending the Bosse summary judgment hearing and trial; meeting with witnesses; preparing a historical summary of the case; and attending Chilton's own summary judgment hearing. We agree with the Bar that these are not the type of activities chargeable under the rule as "investigative costs". Investigative costs include fees that a respondent pays to an investigator, as well as that investigator's travel and out-of-pocket expenses. The rule was not intended as a method to reimburse a respondent for the time spent in preparation for a hearing. Thus, the award must be reduced by the $2,205 assessed for investigative time. We reject the Bar's argument that expert witness fees are not taxable costs because we find that those costs may be properly charged under the rule as witness expenses.
Finally, we turn to the referee's certified question relating to the award of attorney's fees to a respondent in a bar disciplinary proceeding. As this Court explained in Bosse, the Rules Regulating The Florida Bar specifically identify the costs that may be assessed against either a respondent or the Bar in a disciplinary action. 609 So.2d at 1322. Rule 3-7.6(k)(1)(E) provides for "reasonable traveling and out-of-pocket expenses of the referee and bar counsel[,]" but does not provide for an award of attorney's fees to either the Bar or the respondent. Thus, we answer the referee's certified question in the negative.
Accordingly, for the reasons expressed, judgment for costs in the amount of $6,556.38 is hereby entered in favor of Charles R. Chilton against The Florida Bar.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs in part and dissents in part with an opinion.
*452 BARKETT, Chief Justice, concurring in part, dissenting in part.
I believe that a respondent should be able to recover investigative costs. I believe some of the costs, but not all, submitted by the respondent are appropriate investigative costs and, consequently, I would not preclude him from recovering some investigative costs.
NOTES
[1] Our addition of the items listed in the referee's report revealed a $20 error. Thus, the referee actually recommended an award of $9,261.38 in costs.
[2] This rule was renumbered from rule 3-7.6(k)(1)(5) effective January 1, 1993.
[3] Based upon the express language in Rule Regulating The Florida Bar 3-7.6(k)(1)(E), no more than $500 in administrative costs could be awarded in any event.