666 So.2d 892 (1996)
THE FLORIDA BAR, Complainant,
v.
Nancy Margaret LECHTNER, Respondent.
No. 83720.
Supreme Court of Florida.
January 18, 1996.
*893 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Arlene K. Sankel, Bar Counsel, Miami, for Complainant.
Nancy Margaret Lechtner, North Miami Beach, pro se, and Stephen Mechanic, Miami, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report recommending that Nancy Margaret Lechtner be found guilty of misconduct and disbarred without permission to reapply to The Florida Bar for ten years. We have jurisdiction. Art. V, § 15, Fla. Const.
Nancy Margaret Lechtner was a defendant in a federal criminal case involving allegations of bribery to judges in the Eleventh Judicial Circuit in exchange for court appointments.[1] Lechtner was found guilty of six counts of criminal activity, including one count of racketeering,[2] one count of bribery,[3] and four counts of mail fraud.[4] Consequently, Lechtner was sentenced to a prison term of thirty months. Upon the filing of notice of the felony conviction, this Court suspended Lechtner from the practice of law pursuant to Rule Regulating The Florida Bar 3-7.2. Florida Bar v. Lechtner, 637 So.2d 238 (Fla. 1994). Based on her conviction of these felonies, The Florida Bar filed this complaint against Lechtner. See R. Regulating Fla. Bar 3-7.2(i)(1), (2).
After a hearing on the complaint, the referee recommended that Lechtner be found guilty of violating the following Rules Regulating the Florida Bar: Rule 4-3.5(a) (influencing a judge, juror, prospective juror, or other decision maker); Rule 4-8.4(a) (violating the Rules of Professional Conduct); Rule 4-8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); Rule 4-8.4(d) (engaging in conduct that is prejudicial to the administration of justice); Rule 4-8.4(f) (knowingly assisting a judge or judicial officer in conduct that is in violation of applicable Rules of Judicial Conduct or other law); and Rule 3-4.3 (misconduct and minor misconduct). The referee also found several aggravating circumstances present including dishonest and selfish motive, a pattern of misconduct, multiple offenses, and actions tending to undermine the public's confidence in the judicial system. In light of these findings, the referee recommended that Lechtner be disbarred from the practice of law for ten years.
The Bar filed an affidavit of costs, claiming $1,086.48 be taxed against Lechtner. These costs, all authorized by the Rules Regulating the Florida Bar, were for investigative costs, court reporters' fees, and administrative costs. See R. Regulating Fla. Bar 3-7.6(o)(1)(A), (B), and (I). Even though the referee found the costs reasonable, the referee declined to assess the costs against Lechtner because of Lechtner's inability to pay.
The Bar seeks a limited review of the referee's findings, contesting the referee's refusal to assess costs against Lechtner. The Bar claims that since all of the allegations *894 against Lechtner were either proved or stipulated to and all of the costs incurred were reasonable, the referee's failure to assess costs against Lechtner was an abuse of discretion. Lechtner counters by arguing that the Rules Regulating the Florida Bar afford the referee discretion in deciding whether to assess costs against the losing party and no abuse of discretion has been shown to warrant a reversal of the referee's decision.
While not challenged in this Court, at the outset we note that we approve the referee's findings of fact and determinations of guilt. See R. Regulating Florida Bar 3-7.7(a)(2). Based on a review of the record, the referee's findings are supported by competent, substantial evidence. See Florida Bar v. MacMillan, 600 So.2d 457 (Fla. 1992). Additionally, we approve the referee's recommendation as to discipline. The sanction resulting from a Bar disciplinary action must serve three purposes: the sanction must be fair to society; the sanction must be fair to the attorney; and the sanction must be severe enough to deter other attorneys from similar misconduct. See Florida Bar v. Lawless, 640 So.2d 1098 (Fla. 1994). We find that disbarment without permission to reapply for ten years will further the purposes of a disciplinary action. See Florida Bar v. Davis, 657 So.2d 1135 (Fla. 1995) (disbarment without permission to reapply for ten years appropriate sanction for judge who accepted bribes and committed other acts of misconduct); Florida Bar v. Swickle, 589 So.2d 901 (Fla. 1991) (disbarment appropriate for attorney who misrepresented material facts to a judge and suggested that he had the ability to bribe a judge); Florida Bar v. Rendina, 583 So.2d 314 (Fla. 1991) (disbarment appropriate sanction for attempting to bribe an assistant state attorney). Accordingly, we approve the referee's findings of fact, determinations of guilt, and recommended discipline.
Next we turn to the contested issue: whether it was an abuse of discretion for the referee to refuse to assess costs against Lechtner. When making a report after a disciplinary proceeding, the referee must include a statement of costs incurred and recommendations as to how the costs should be assessed. R. Regulating Fla. Bar 3-7.6(k)(1)(E). The Rules Regulating the Florida Bar give the referee the discretion to recommend an award of costs, and absent an abuse of discretion, the referee's determination will be affirmed. See R. Regulating Fla. Bar 3-7.6(o)(2); Florida Bar v. Carr, 574 So.2d 59 (Fla. 1990). The rules do provide the referee some guidance in making a determination of whether to assess costs. For instance, Rule 3-7.6(o)(3) states:

Assessment of Bar Costs. When the bar is successful, in whole or in part, the referee may assess the bar's costs against the respondent unless it is shown that the costs of the bar were unnecessary, excessive or improperly authenticated.
See also Rule 3-7.6(o)(4) ("Assessment of Respondent's Costs").
In this case, the Bar submitted an affidavit of costs, including costs for administration, court reporters, and an investigator. These costs are all included as taxable costs under Rule 3-7.6(o)(1), and the referee found these costs to be reasonably incurred. We find that the referee's decision not to assess these reasonable costs against Lechtner because of her inability to pay was an abuse of discretion and reverse this portion of the referee's report.
This Court has found that, generally, when there is a finding that an attorney has been found guilty of violating a Rule Regulating the Florida Bar, the Bar should be awarded its costs. See Florida Bar v. Davis, 419 So.2d 325 (Fla. 1982). Assessment of costs against a respondent who has violated the Rules of Discipline is a policy decision. The choice is between imposing the costs of discipline on those who have violated our Rules of Professional Conduct or on the membership of the Bar who have not. See Florida Bar v. Gold, 526 So.2d 51 (Fla. 1988). In these situations, it is only fair to tax those costs against the member who has violated the rules. See Florida Bar v. Miele, 605 So.2d 866 (Fla. 1992). This Court has the final discretionary authority to assess costs. See Florida Bar v. Bosse, 609 So.2d 1320 (Fla. 1992). We agree with the referee's finding *895 that the Bar's costs were reasonable and thus assess these costs against Lechtner.
While we hold that it is an abuse of discretion for the referee not to assess costs against a guilty respondent based upon the respondent's ability to pay, we are aware that an indigent respondent might not have the present ability to pay these assessed costs. In cases such as these, the appropriate course is for the parties to establish an agreeable payment arrangement.
Accordingly, we affirm the referee's findings of fact and determinations of guilt. We also affirm the referee's recommended discipline that Lechtner be disbarred without permission to reapply for ten years. However, we reverse that portion of the referee's report which denied the Bar's costs. Lechtner is hereby disbarred, effective immediately. Judgment is entered against Lechtner for costs in the amount of $1,086.48, for which sums let execution issue.[5]
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] This corruption investigation was called "Operation Courtbroom."
[2] 18 U.S.C. § 1962; 18 U.S.C. § 1963(a).
[3] 18 U.S.C. § 666(a)(2).
[4] 18 U.S.C. §§ 1341, 1346.
[5] Upon petition from Lechtner, the Bar will develop an agreeable payment plan.