734 So.2d 417 (1999)
THE FLORIDA BAR, Complainant,
v.
Thomasina H. WILLIAMS, Respondent.
No. 91,839.
Supreme Court of Florida.
May 27, 1999.
John F. Harkness, Jr., Executive Director and John A. Boggs, Staff Counsel, *418 Tallahassee, Florida, and Kevin P. Tynan, Bar Counsel and Adria E. Quintela, Assistant Staff Counsel, Fort Lauderdale, Florida, for Complainant.
Thomasina H. Williams, pro se, of the Law Offices of Williams & Associates, P.A., Miami, Florida, for Respondent
PER CURIAM.
We have for review the referee's report recommending that attorney Thomasina H. Williams be found not guilty of any of The Florida Bar's charged offenses and that no discipline be imposed, but nevertheless recommending that Williams pay one-half of the Bar's costs in the disciplinary proceeding. We have jurisdiction. See art. V, § 15, Fla. Const.
The Bar filed a complaint against Williams, alleging that she had violated several of the Rules Regulating the Florida Bar in her handling of a settlement agreement.[1] The referee ultimately recommended that Williams be found not guilty of any of the charged offenses and that no discipline be imposed. The referee nevertheless recommended that the Bar's total costs in the disciplinary proceeding, $1,484.80,
be divided between [Williams] and the bar, and that [Williams] shall pay exactly one half of these costs ($742.40) to the bar within 30 days of the date of this Report of Referee, or the bar can seek further discipline against [Williams] for her noncompliance with this order.
The Bar did not petition for review of the referee's recommendations that Williams be found not guilty of any of the charged offenses and that no discipline be imposed. However, Williams has petitioned for review, arguing that, as the Bar was completely unsuccessful in prosecuting her case, this Court should reject the referee's recommendation that she pay one-half of the Bar's costs.
The Bar counters that referees have broad discretion in the assessment of costs in disciplinary proceedings, and that the referee here did not abuse that discretion in recommending that Williams pay one-half of the Bar's costs. The Bar urges that this was a close case and that, even though Williams was ultimately found not guilty, she should nevertheless be held responsible for one-half of the Bar's costs due to her general uncooperativeness during the disciplinary proceeding.[2] However, the referee's report contains no reference to Williams' conduct during the course of the Bar proceedings and makes no findings concerning her lack of cooperation or whether the Bar's costs were increased thereby.
The rule defining the parameters for assessing costs in disciplinary proceedings first sets forth the costs that are taxable, and then provides:
(2) Discretion of Referee. The referee shall have discretion to award costs and, absent an abuse of discretion, the referee's award shall not be reversed.
(3) Assessment of Bar Costs. When the bar is successful, in whole or in part, the referee may assess the bar's costs *419 against the respondent unless it is shown that the costs of the bar were unnecessary, excessive, or improperly authenticated.
(4) Assessment of Respondent's Costs. When the bar is unsuccessful in the prosecution of a particular matter, the referee may assess the respondent's costs against the bar in the event that there was no justiciable issue of either law or fact raised by the bar.
R. Regulating Fla. Bar 3-7.6(o). A logical reading of this rule in its entirety establishes that a referee's discretion in assessing costs in favor of the Bar depends upon the Bar being "successful, in whole or in part." While subsection (2) explicitly grants the referee discretion to recommend an award of costs, subsections (3) and (4) affirmatively tie the exercise of that discretion to the Bar's success, or lack thereof.
In adopting rule 3-7.6(o), we recognized that the rule "codifies this Court's reaffirmation that the award of costs in disciplinary actions is subject to the referee's discretion." Florida Bar re Amendments to Rules Regulating the Florida Bar, 644 So.2d 282, 283 (Fla.1994). This discretionary standard for costs in disciplinary proceedings had earlier been adopted by this Court explicitly over the alternative civil standard, under which the prevailing party "shall recover all his or her legal costs." § 57.041(1) Fla. Stat.; see Florida Bar v. Davis, 419 So.2d 325, 328 (Fla.1982); accord Florida Bar v. Chilton, 616 So.2d 449, 451 (Fla.1993); Florida Bar v. Bosse, 609 So.2d 1320, 1322 (Fla.1992). However, under either standard, in order to be awarded costs, a party must prevail in some respect.
The lead case in this area is Davis, which this Court has recognized as "establish[ing] the standard for setting costs in bar disciplinary actions." Bosse, 609 So.2d at 1322. In Davis, the referee had recommended awarding the Bar only one-third of its costs in proportion to his finding the respondent guilty of only one of the three offenses charged. 419 So.2d at 326-28. On petition for review, the Bar requested that "the full cost of the proceedings be assessed against [the respondent]," complaining of "the failure of the referee to assess all of its costs against the respondent." Id. at 327 (emphasis supplied). In rejecting the Bar's request and approving the referee's recommended partial cost award, this Court explained as relevant here:
We have set no hard or fast rules relative to the assessment of costs in disciplinary proceedings. In civil actions the general rule in regard to costs is that they follow the result of the suit, section 57.041, Florida Statutes (1981), Dragstrem v. Butts, 370 So.2d 416 (Fla. 1st DCA 1979), and in equity the allowance of costs rests in the discretion of the court. National Rating Bureau v. Florida Power Corp., 94 So.2d 809 (Fla. 1956).
We hold that the discretionary approach should be used in disciplinary actions. Generally, when there is a finding that an attorney has been found guilty of violating a provision of the code of professional responsibility, the bar should be awarded its costs. At the same time the referee and this Court should, in assessing the amount, be able to consider the fact that an attorney has been acquitted on some charges or that the incurred costs are unreasonable. The amount of costs in these circumstances should be awarded as sound discretion dictates.... We find that the referee's recommendation of allowing one-third of certain costs where there has been a finding of guilt on one charge but not on two others to have been reasonable.
Id. at 328 (emphasis added). Thus, the cost award in Davis was inextricably linked to the prevailing, or at least partially prevailing, party (the Bar). The discretion of the referee was discussed in terms of awarding something less than all of the Bar's costs, not in terms of authorizing an *420 award of costs where, as here, the Bar was entirely unsuccessful in prosecuting its case. Accord Florida Bar v. St. Laurent, 617 So.2d 1055, 1056-57 (Fla.1993) (recognizing referee's discretion in approving recommendation that guilty respondent pay only a portion of the Bar's costs).
Although not directly addressing the issue, in Florida Bar v. Catalano, 644 So.2d 86, 87 (Fla.1994), we stated that "[g]iven our disapproval of the referee's report [finding several rule violations], we decline to impose the Bar's costs on [the respondent]." Other cases from this Court have implicitly acknowledged that costs in disciplinary proceedings are to be awarded to the Bar only when it prevails either in whole or in part. See, e.g., Florida Bar v. Lechtner, 666 So.2d 892, 894 (Fla.1996) ("[G]enerally, when there is a finding that an attorney has been found guilty of violating a Rule Regulating the Florida Bar, the Bar should be awarded its costs."); Florida Bar v. Leslie, 664 So.2d 961, 962 (Fla. 1995) ("The Bar, as the prevailing party, is entitled to the taxation of costs in its favor."); Florida Bar v. Doe, 550 So.2d 1111, 1111 (Fla.1989) ("We find that [the respondent] was guilty of minor misconduct because of an ethical violation. It follows that The Florida Bar is entitled to its costs.").
The Bar does not cite, nor has our research revealed, any bar discipline cases in which this Court has awarded costs to the nonprevailing party. Rather, where, as here, a respondent has been found not guilty of any of the offenses charged, this Court has typically ordered each party to bear its own costs, see, e.g., Florida Bar v. Martocci, 699 So.2d 1357, 1360 (Fla.1997); Florida Bar v. Lanford, 691 So.2d 480, 481 (Fla.1997); Florida Bar v. Carr, 574 So.2d 59, 59 (Fla.1990), or ordered the Bar to pay the prevailing respondent's costs. See, e.g., Chilton, 616 So.2d at 451; Bosse, 609 So.2d at 1322.[3]
We therefore hold that a referee does not have discretion to recommend that a respondent in a bar disciplinary proceeding pay any portion of the Bar's costs pursuant to rule 3-7.6(o) when the referee recommends that the respondent be found not guilty of any of the charged offenses and recommends no discipline or other sanctions, and where the Bar is otherwise not successful in whole or in part.[4] However, as we recently made clear, partial success would include cases where the referee enters an order diverting a respondent to a practice and professionalism enhancement program pursuant to rule 3-5.3(h)(2) of the Rules Regulating The Florida *421 Bar. See Florida Bar v. Carson, No. 91,550, ___ So.2d ___, 1999 WL 330154 (Fla. May 20, 1999).
We accordingly approve the referee's recommendations that Williams be found not guilty of any of the charges and that no discipline be imposed. However, we disapprove the referee's recommendation that Williams pay one-half of the Bar's costs in the disciplinary proceeding. We instead order that each party bear its own costs.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Specifically, the Bar alleged that Williams had violated Rules Regulating the Florida Bar 4-1.15(b) ("[A] lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive ...."); 4-3.4(c)("A lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal ...."); 4-8.4(a)("A lawyer shall not ... violate or attempt to violate the Rules of Professional Conduct ....") (2 counts); and 4-8.4(c)("A lawyer shall not ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.").
[2] The record shows that Williams failed to file her answer until the Bar filed a motion for default. She also failed to respond to the Bar's discovery requests until the Bar filed, and the referee granted, several motions to compel. Further, due to Williams' failure to disclose witnesses, the referee partially granted the Bar's motion to strike certain witnesses. However, in imposing costs, the referee did not address this behavior.
[3] To the extent that the Bar suggests that Williams' lack of cooperation increased its costs, as we have already stated, the referee made no findings in this regard, and there is nothing in the record specifically delineating such a "cause and effect" relationship. We express no opinion as to whether the Bar here could have pursued sanctions in the form of costs and fees in connection with its successful motions to compel below. See Rule Regulating the Florida Bar 3-7.6(e) (providing that "[d]iscovery shall be available to the parties in accordance with the Florida Rules of Civil Procedure," and that "[t]he Florida Rules of Civil Procedure apply except as otherwise provided in this rule").
[4] We explicitly contrast the present case with cases involving petitions for reinstatement following a disciplinary suspension. While the cost provisions in the two contexts are quite similar (compare R. Regulating Fla. Bar 3-7.6(o) with R. Regulating Fla. Bar 3-7.10(o)), the reinstatement rules specifically provide that that a judgment reinstating a previously suspended attorney "may make such reinstatement conditional upon the payment of all or part of the costs of the proceeding." R. Regulating Fla. Bar 3-7.10(k). Such divergent cost results in the two contexts are consistent with the philosophy set forth in Florida Bar v. Miele, 605 So.2d 866, 868 (Fla.1992): "Where the choice is between imposing costs on a bar member who has misbehaved and imposing them on the rest of the members who have not misbehaved, it is only fair to tax the costs against the misbehaving member." To wit, an attorney in the disciplinary context who is found not guilty has, by definition, not been found guilty of misbehaving and, therefore, cannot be taxed with the Bar's costs; in contrast, an attorney in the reinstatement context has, by definition, been found guilty of misbehaving and, therefore, can be taxed with the Bar's costs.