737 So.2d 1075 (1999)
Inquiry Concerning a Judge, No. 9704, re Elizabeth L. HAPNER.
No. 91,325.
Supreme Court of Florida.
June 17, 1999.
*1076 Thomas C. MacDonald, Jr., General Counsel and John R. Beranek, Counset to the Hearing Panel, Tallahassee, Florida, and Joseph H. Varner, Special Counsel, of Curtis, Alexander & Varner, Winter Haven, Florida, for Florida Judicial Qualifications Commission, Petitioner.
Donald A. Smith, Jr. of Smith & Tozian, Tampa, Florida, for Respondent.

ON MOTION TO TAX COSTS
PER CURIAM.
We have before us the issue of costs to be assessed in a proceeding of the Judicial Qualifications Commission (JQC). We have jurisdiction. Art. V, § 12, Fla. Const.
The facts are set out in our initial opinion in this case. See In re Hapner, 718 So.2d 785 (Fla.1998). Judge Hapner was charged with the following misconduct: neglecting client matters while she ran for the position of county court judge, giving false testimony in a domestic violence proceeding against her ex-husband, and making false allegations in her divorce action. The Court approved the findings, conclusions, and recommendations of the Hearing Panel of the JQC and ordered that Judge Hapner be removed from office. The Court also ordered that she pay the costs of the JQC proceeding and remanded for a determination of the amount.
The JQC has submitted to this Court an itemized motion to tax costs and attorneys' fees in the amount of $87,203.11. The JQC contends that it is empowered under the constitution to levy costs that are broader than those ordinarily imposed in civil actions. Judge Hapner, on the other hand, argues that she should not be required to reimburse the JQC for attorneys' fees and certain other "special" fees and costs.
The issue posed in this proceeding is whether costs can be taxed in a JQC proceeding, and if so, whether attorneys' fees and other special fees can be included in the assessment. To answer this question we turn to the plain language of article V, section 12(c), Florida Constitution:
(c) SUPREME COURTThe supreme court shall receive recommendations from the judicial qualifications commission's hearing panel.
. . . .
(2) The supreme court may award costs to the prevailing party.
Art. V, § 12, Fla. Const. The constitution further states that the JQC is entitled to recover its costs:
j. The commission shall be entitled to recover the costs of investigation and prosecution, in addition to any penalty levied by the supreme court.
Art. V, § 12(f)(2), Fla. Const. Under this constitutional scheme, this Courtnot the JQCis vested with the authority to tax costs.
We note that the constitution is silent as to which costs in particular may be assessed in a JQC proceeding. By way of comparison, this Court has held that in disciplinary proceedings of The Florida Bar (the Bar) "only those costs specifically identified in the Rules Regulating The Florida Bar may be assessed against either a respondent or the Bar." Florida Bar v. Chilton, 616 So.2d 449, 451 (Fla. 1993). See also Florida Bar v. Bosse, 609 So.2d 1320 (Fla.1992). Although the Florida Judicial Qualifications Commission Rules do not currently include a rule identifying taxable costs, we conclude that this Court may nevertheless award limited costs in light of the specific constitutional authority to do so.
It is important that the costs assessed in a JQC proceeding be kept within strict bounds. The constitutional provision noted above is a "prevailing party" requirement. Thus, the amount of taxed costs must not be so substantial that costs will deter either the JQC from initiating a prosecution or a judge from defending against a charge. It is particularly important that an accused judge not be placed in the position of foregoing a defense against unwarranted charges because he or she *1077 might otherwise face financial ruin if unsuccessful in the proceeding.
Turning to the present case, we conclude that attorneys' fees may not to be awarded as costs. A similar rule barring attorneys' fees obtains in Bar disciplinary cases. See Chilton, Bosse. Further, we reject the "travel costs" designated in the JQC's motion to tax costs. While travel costs are permitted under the Bar disciplinary rules, we decline to follow a similar practice in JQC proceedings. Florida Judicial Qualifications Commission Rule 11 provides that, except in extraordinary circumstances, a JQC prosecution is to be held within the county of the judge's residence. The purpose of this rule is to minimize the costs of, and inconvenience to, the accused judge and witnesses. The benefit of this rule would be reversed (many times over) if the judge were required to foot the bill for the travel expenses of all the JQC personnel.
In the present case, we limit the award of costs to the following charges of the court reporter: per diem fees, deposition costs, and costs associated with the preparation of the transcript and record. We conclude that these are the only costs that may be awarded against Judge Hapner. Because the amount of all these costs is not discernable in the present record, we ask the JQC to submit to this Court an affidavit attesting to the itemized court reporter costs. This Court will then issue an order assessing costs against Judge Hapner. We direct the Florida Rules of Judicial Administration Committee of The Florida Bar to draft and submit to this Court without undue delay a proposed rule addressing the assessment of costs in a JQC proceeding.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD and PARIENTE, JJ., and OVERTON, Senior Justice, concur.