718 So.2d 785 (1998)
INQUIRY CONCERNING a Judge, No. 97-04 re Elizabeth L. HAPNER.
No. 91325.
Supreme Court of Florida.
September 29, 1998.
*786 Thomas C. MacDonald, Jr., General Counsel and John R. Beranek, Counsel to the Hearing Panel, Tallahassee, and Joseph H. Varner, Special Counsel, of Curtis, Alexander & Varner, Winter Haven, for Florida Judicial Qualifications Commission, Petitioner.
Donald A. Smith, Jr. of Smith & Tozian, Tampa, for Respondent.
PER CURIAM.
We have for review a report of the Hearing Panel of the Judicial Qualifications Commission recommending that Judge Elizabeth Hapner be removed from office. We have jurisdiction. Art. V, § 12, Fla. Const. We approve the report.
The facts governing this proceeding of the Judicial Qualifications Commission ("JQC") are summarized in the report of the JQC's Hearing Panel:
On September 8, 1997, the Investigative Panel filed a notice of formal charges against Judge Elizabeth L. Hapner. Judge Hapner filed an answer denying the charges in their entirety. On November 6, 1997, the prosecution filed an amended notice of formal charges which was identical to the original notice of formal charges, but added one additional client matter. On December 16, 1997, Judge Hapner filed an answer to the amended notice of formal charges again denying the charges in their entirety.
Count 1 charges that during 1996, Judge Hapner virtually abandoned her law practice and neglected several client matters during the time she ran for office as a county court judge. Judge Hapner is charged with failing to properly communicate with clients, failing to properly document fee agreements, failing to meet deadlines, making misrepresentations to the Second District Court of Appeal and the Investigative Panel of the JQC, making misrepresentations to clients, failing to pay her bar dues, and allowing her operating and trust accounts to become overdrawn.
Count 2 charges that on August 12, 1996, Judge Hapner gave inaccurate, incomplete, and misleading testimony in a domestic violence proceeding against her ex-husband, Paul Rockhill. Judge Hapner claimed that she had tape recordings of her husband making threats of physical violence.
Count 3 charges that Judge Hapner, in her dissolution of marriage action, failed to produce the tapes that were the subject of her testimony when ordered by the court to do so and failed to provide a sufficient reason for her failure. Count 3 also charges that the tapes Judge Hapner ultimately produced in response to the court's order did not contain any threats or otherwise correspond to the testimony she gave in the domestic violence proceeding.
Judge Hapner is charged with violating several of the Rules Regulating The Florida Bar and Canons 1 and 2 of the Code of Judicial Conduct by engaging in actions that impair the confidence of the citizens of the State of Florida in the integrity of the judicial system, engaging in conduct unbecoming a member of the judiciary, and being presently unfit to hold the office of judge.
Judge Hapner's answer asserted affirmative defenses alleging that the conduct charged, if it occurred, was the result of an unusually stressful time, was not conduct common to her duties and responsibilities as a judge, and represented isolated events not reflective of her competence, integrity, honesty, or fairness.
The trial occurred before the Hearing Panel in Tampa, Florida, on February 9 through February 12, 1998....
On the first morning of the trial, Judge Hapner, through her attorney, orally and later in writing, amended her answer to admit the factual allegations of the charges, but deny the conclusions....
In its case in chief, the prosecution called 19 live witnesses, including Judge *787 Hapner, and presented 2 witnesses by deposition. Judge Hapner testified during her case and presented the live testimony of 12 witnesses along with numerous affidavits of good character. The prosecution presented 3 live witnesses in rebuttal. Each party submitted documentary evidence.
At the conclusion of the case in chief, Judge Hapner moved for dismissal of certain specific charges. The Hearing Panel granted the motion in part and ruled that it would not consider evidence of Judge Hapner's failure to pay her bar dues or that she allowed her professional association's operating account to become overdrawn.
Following trial, the Panel deliberated and considered all the evidence in detail. As set forth below in detail. The Hearing Panel concluded by an affirmative vote of four or more of its members that based on the admissions and the clear and convincing evidence that Judge Elizabeth L. Hapner is guilty of each charge and is presently unfit to hold office as a judge. The Panel recommends that Judge Hapner be removed from her position as a County Judge.
Based on the evidence adduced in the proceeding before the Hearing Panel, the Panel reached the following conclusions of law:
82. Evidence supporting the removal of a judge must be clear and convincing. The Hearing Panel finds that the evidence in this case establishing Judge Hapner's guilt of the specific charges, as well as the other evidence of her lack of veracity with the JQC, meets and exceeds this standard of proof.
83. The Panel finds by clear and convincing evidence, and based on the totality of the circumstances, that Judge Hapner has been dishonest. Judge Hapner's conduct is a direct contradiction of Canon 1 of the Code of Judicial Conduct, which mandates that a judge should observe high standards of conduct, and Canon 2, which mandates that a judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity of the judiciary.
84. The Panel finds by clear and convincing evidence that Judge Hapner's conduct as charged and proven in this case would impair the confidence of the citizens of the State of Florida in the integrity of the judicial system and in her as a judge.
85. The Panel finds by clear and convincing evidence that Judge Hapner's conduct as charged and proven in this case is conduct unbecoming a member of the judiciary.
86. The Panel finds by clear and convincing evidence that Judge Hapner is presently unfit to hold judicial office.
87. The panel finds by clear and convincing evidence that Judge Hapner's conduct as charged was proven in this case violated (A) Rules 3-4.3, 4-1.1, 4-1.3, 4-1.4, 4-1.5(e), 4-1.6(d), 4-3.3, and 4-8.4, Rules Regulating the Florida Bar; and (B) Canons 1 and 2 of the Code of Judicial Conduct.
88. Judge Elizabeth L. Hapner's conduct as charged and proven demonstrates a pattern of irresponsible and dishonest behavior and a lack of respect for the laws and rules of the court that she has sworn to serve.
Pursuant to the above conclusions of law, the Panel recommended that Judge Hapner be removed from office:
By an affirmative vote of four or more members, the Hearing Panel of the Florida Judicial Qualifications Commission recommends that the Supreme Court of Florida remove Judge Elizabeth L. Hapner from her position as County Judge for Hillsborough County, Florida.
In addition to submitting its report to this Court, the Hearing Panel filed a motion to temporarily suspend Judge Hapner pending this Court's final decision in this matter. We received written argument from both the JQC and Hapner on the suspension issue and on April 9, 1998, entered an order temporarily suspending Hapner. Judge Hapner has since resigned from her position as judge and claims that this action deprives the Court of jurisdiction to proceed. We disagree.
Article V, section 12, Florida Constitution, provides in relevant part:

*788 The commission shall have jurisdiction over justices and judges regarding allegations that misconduct occurred before or during service as a justice or judge if a complaint is made no later than one year following service as a justice or judge.
This provision vests the JQC and this Court with jurisdiction to proceed in a judicial disciplinary proceeding that is initiated within one year after a judge leaves office. In the present case, the JQC's notice of formal charges was filed during Judge Hapner's term of office as county judge. Accordingly, the JQC and this Court have jurisdiction to proceed.
Judge Hapner further contends that the present proceeding should be dismissed for two reasons. First, she claims that the hearing below was flawed because she was given insufficient notice that certain witnesses would be called by the JQC in rebuttal. We disagree. The record shows that Hapner did not timely object to the witnesses on notice grounds, and that the JQC provided notice of the witnesses to Hapner as soon as the JQC learned of their existence. We find no impropriety. Second, Hapner claims that the Hearing Panel erred in finding a lack of veracity on her part and a violation of Bar rules. Again, we disagree. The Hearing Panel's findings are exhaustive and contain detailed record cites. Hapner's response, on the other hand, contains no record cites that are inconsistent with the Panel's findings. We find no error. See generally In re Davey, 645 So.2d 398 (Fla. 1994).
Based on the foregoing, we conclude that the Hearing Panel's report is supported by clear and convincing evidence in the record, and we approve the findings, conclusions, and recommendation contained in the report. We order that Elizabeth L. Hapner be removed from office as county judge effective upon the date of her resignation. We direct that she pay the costs of these proceedings, and we remand this cause to the JQC for a determination of the amount of such costs.[1]
It is so ordered.
HARDING, C.J., OVERTON, SHAW, WELLS, ANSTEAD and PARIENTE, JJ., concur.
KOGAN, J., concurs in result only.
NOTES
[1] See Art. V. § 12(c)(2), Fla. Const. ("The supreme court may award costs to the prevailing party.").